IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 2:06-CR-218-MHT |
| | ) | |
| | ) | |
| | ) | |
| GEORGE HOEY MORRIS | ) | |

## MOTION TO DISMISS INDICTMENT

**COMES NOW,** the Defendant, George Hoey Morris a.k.a. Johnny Ray Fortune, by and through the undersigned counsel and files this his Motion to Dismiss Indictment in the above-styled case.  As ground therefore the Defendant would show unto this Honorable Court as follows;

1.   That on September 7, 2006, the Government caused to be filed a one (1) count indictment against Morris wherein the Government alleged the Defendant violated 18 U.S.C §1542.  (See Doc #1 filed 9/7/06).

2.   That on September 29, 2006 Morris was arraigned on the aforementioned charges and entered a plea of 'not guilty'.  The above styled case is set for trial on October 30, 2006.

3.   That the discovery provided to counsel for the Defendant indicates that the alleged fraudulent statement was to obtain passport 086199598.  Although the date of the

filing of the Application for Passport is not legible in the discovery, said replacement passport was issued on "19 Aug 1997" and expired on "18 Aug 1998".  Passport 086199598 was subsequently stamped cancelled on "Mar 20, 2001".

4.   That the alleged false statements of Morris occurred in the calendar year 1997.

5.   That 18 U.S.C. §3282 clearly states as follows:

"(a) In general.--Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

6.   That the aforementioned Indictment was filed by the Government outside the Statute of Limitations for the charge alleged (18 U.S.C. §1542) and that said Indictment does not fit within any exception to the Statute of Limitations (18 U.S.C. 3282).

7.   That the issue of when the Statute of Limitations begins in a criminal case has previously been addressed by the Courts and it is clearly established that;

"The statute of limitations under the general five-year statute of limitations for noncapital offenses began to run on the day after the crime was committed, rather than the date of the offense." See U.S. v. Joseph, E.D.La.1991, 765 F.Supp. 326, affirmed 979 F.2d 1534

8.   In U.S. v. Clarke, 312 F.3d 1343, C.A.11.Fla.,2002 the Court further states that:

"The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions."

9.   It is undisputed that the alleged fraud by Morris was initiated in August of 1997.  Further, in looking at the facts in the light most favorable to the Government, the passport for which Morris applied and received was stamped "Cancelled" in March 2001 which, although said date is over 3 ½ years after the alleged crime was commited, is also outside the five (5) year requirement of 18 U.S.C. §3282.

10.  That the delay in arresting/indicting Morris for the alleged offenses was at best negligent due to the Government's failure to timely investigate the alleged fraud.

**WHEREFORE, PREMISES CONSIDERED**, the Defendant prays this Honorable Court will grant his motion and dismiss the Indictment in the above-styled case with prejudice; or in the alternative, that the Court will set this matter for an evidentiary hearing on the foregoing facts.

**RESPECTFULLY SUBMITTED**, this the 12th day of October, 2006.

                                   /s/ J. Carlton  Taylor
                                   J. CARLTON TAYLOR (TAY058)
                                   ASB-5037-L53J
                                   Attorney for the Defendant


J. Carlton Taylor
FULLER, TAYLOR & HOLTON, P.C.
6743 Taylor Circle
Montgomery, Alabama 36117
(334) 244-0447
jtaylor@fullerandtaylor.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of September, 2006, I electronically filed the foregoing Motion for Issuance of Subpoena's with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Susan Redmond, AUSA
Todd Brown, AUSA
John T. Harmon, AUSA
Office of the U.S. Attorney
Middle District of Alabama
PO Box 197
Montgomery AL 36101-0197

                                   /s/ J. Carlton  Taylor
                                   J. CARLTON TAYLOR (TAY058)
                                   ASB-5037-L53J
                                   Attorney for the Defendant