IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Cr. No. 2:06-CR-218-MHT |
| ) | |
| GEORGE HOEY MORRIS ) | |
| aka JOHNNY RAY FORTUNE ) | |

RESPONSE TO MOTION TO DISMISS INDICTMENT

Comes now the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and respectfully responds to defendant's Motion to Dismiss Indictment, and offers the following:

**Background**

1. Prior to June 2006, a Federal Grand Jury indicted the defendant on charges involving violations of chapters 117, 75, and 44 of United States Code.

2. In or about June 2006, federal agents investigating the above-listed violations, learned that the defendant had additional storage spaces, including two safety deposit boxes, which were not previously known to the government.

3. On or about June 21, 2006, agents with Immigration and Customs Enforcement executed a search warrant at the Peoples' Bank and Trust, in Eclectic, Alabama. Pursuant to the search warrant, the agents searched two safety deposit boxes, leased under the name George Hoey Morris. Within one of the safety deposit boxes agents discovered numerous passports in the names George Hoey Morris and Johnny Ray Fortune, each with a photo image of the defendant. Several of the passports appeared to have been issued within months of each other.

4. A records search was conducted by the United States Department of State regarding

the passports discovered in the safety deposit box, and it was determined that on numerous occasions, but specifically on or about August 1, 1997, the defendant filed an application for a replacement passport, which contained a false statement, namely that the replacement passport was needed to replace a passport which had been destroyed, with intent to secure for his own use the issuance of a new passport.

5.      On or about September 7, 2006, a one-count Indictment was returned, by a properly empaneled federal grand jury, against the defendant charging him with a violation of Title 18, United States Code, Section 1542, False Statement in Application and Use of Passport.

6.      On or about October 12, 2006, the defendant filed a Motion to Dismiss Indictment and argued as grounds for the Motion that: (1.) Title 18, United States Code, Section 3282 prevents further prosecution of this offense as the statute of limitations (five years) has clearly run; (2.) the "cancelled" stamp on the passport issued pursuant to the fraudulent application shows that the passport was cancelled in March 2001 and is also outside of the five-year statute of limitations imposed by Section 3282; and, (3.) the delay in arresting/indicting the defendant was negligent due to the government's failure to timely investigate the alleged fraud.

**Legal Analysis**

7.      Title 18, United States Code, Section 3291, Nationality, Citizenship, and Passports, says, in part, that no person shall be prosecuted, tried, or punished for violation of any provision of sections 1541 to 1544, inclusive, of chapter 75 of title 18 of the United States Code, unless the indictment is found within ten years after the commission of the offense.

8.      Article Six of the United States Constitution assures that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. The Due Process Clause can bar an

indictment even if the indictment is brought within the proscribed statute of limitation. To prevail on a due process violation resulting from pre-indictment delay, a defendant must show (1) actual prejudice; and (2) the delay resulted from a deliberate design by the government to gain a tactical advantage. United States v. Thomas, 62 F.3d 1332 (11th Cir. 1995).

**Argument**

9. The defendant's argument that the Indictment should be dismissed because the five-year statute of limitations has been exhausted, fails. Clearly, Title 18, United States Code, Section 3291, establishes that the statute that makes up the Indictment falls within its' parameters. Because the defendant concedes that the fraudulent act occurred in 1997, the pertinent statute sets the limitation period at ten years, and the Indictment was filed in September of 2006, the Indictment is not due to be dismissed.

10. The defendant appears to argue that the government violated his constitutional rights by failing to arrest/indict him earlier than September 2006 for this offense. Defendant claims that, at best, the government was negligent in failing to timely investigate the fraudulent offense.

11. To the extent that the Court views defendant's statement as a claim of a due process violation, the defendant must fail on the argument as the defendant has not stated, nor shown, actual prejudice. Additionally, the government would argue that any delay was caused by the defendant's own actions in hiding the evidence that clearly established the offense. Because the delay was caused by investigative delay, the defendant was not deprived of due process. United States v. LeQuire, 943 F.2d 1554 (11th Cir. 1991).

For the reasons stated above, the United States requests that this Honorable Court deny the defendant's Motion to Dismiss Indictment.

Respectfully submitted this the 16th day of October, 2006.

>LEURA G. CANARY
>UNITED STATES ATTORNEY
>
>/s/ Susan R. Redmond
>SUSAN R. REDMOND
>Assistant United States Attorney
>Post Office Box 197
>Montgomery, Alabama 36101-0197
>334.223.7280
>334.223.7135 fax
>susan.redmond@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 2:06-CR-218-MHT |
| | ) | |
| GEORGE HOEY MORRIS | ) | |
| aka JOHNNY RAY FORTUNE | ) | |

CERTIFICATE OF SERVICE

    I hereby certify that on October 16, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: J. Carlton Taylor.

    Respectfully submitted,

    LEURA GARRETT CANARY
    UNITED STATES ATTORNEY

    /s/ Susan R. Redmond
    SUSAN R. REDMOND
    Assistant United States Attorney
    One Court Square, Suite 201
    Montgomery, Alabama 36104
    Telephone: (334) 223-7280
    Fax: (334) 223-7135
    susan.redmond@usdoj.gov