IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 2:06-CR-218-MHT |
| | ) | |
| | ) | |
| | ) | |
| GEORGE HOEY MORRIS | ) | |

## MOTION IN LIMINE

**COMES NOW** the Defendant, George Hoey Morris, by and through undersigned counsel, J. Carlton Taylor, respectfully moves this Court to exclude to wit: (1)  books written by Mr. Morris entitled 'virginbride.net' and 'flashbacks' as well as websites owned and managed by the Defendant prior to his indictment; (2)  all references to the Defendants criminal history and/or any record or allegation thereof, to include any reference to any and all pending, non-adjudicated cases against the Defendant;  (3) any and all reference to any alleged drug use;  (4) discovery provided to counsel for the Defendant on September 26, 2006 in case number 2:05-CR-108-LSC, namely a draft copy of a book allegedly written by the Defendant titled 'Homeland Insecurity'.

This motion is made pursuant to the Defendant's rights under the Fifth, Sixth and Eighth Amendments to due process, to the right to present a defense, and to a fundamentally fair trial, as further described *in Kyles v. Whitley,* 115 S.Ct. 155 (1995), *Brady v., Maryland,* 373 U.S. 83 (1963); *United States v. Bagley,* 474 U.S. 667 (1985); *Giglio v. United States,* 405 U.S. 150, (1972) and *Roviaro v. United States,* 353 U.S. 53,77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

In support thereof, Morris would show as follows:

(1)  The Defendant is of the belief that the Government intends to introduce at trial as evidence books written by Mr. Morris entitled 'virginbride.net' and 'flashbacks' as well as websites owned and managed by the Defendant prior to his indictment.

(2)  The Defendant avers to this Court that 'virginbride.net' and 'flashbacks' were written and copy-writed after the alleged events as charged in the indictment.

(3)  That the alleged events in reference to T.P., which have no relevance to the above-styled case, are only a single chapter in the book and on the website and therefore

the admission of the entirety of 'virginbride.net' and

'flashbacks' and/or any reference to any websites owned and

managed by the Defendant would be cumulative, too remote in

time to be relevant to the charges, and the probative value

of all of the book and/or websites the Government seeks to

admit is outweighed by their inflammatory, prejudicial or

misleading nature.

(4)  That the Government intends to present in its case-in-

chief, evidence of the Defendant's prior conviction for

distribution of drugs from 1980 as well as the Defendant's

convictions for Visa Fraud, Felony in Possession of a

Firearm and Transportation for Illegal Sexual Activity and

Related Crimes (4 counts).

(5)  That the Government further intends to present in its

case-in-chief discovery provided to counsel for the

Defendant on September 26, 2006 in case number 2:05-CR-108-

LSC, namely a draft copy of a book allegedly written by the

Defendant titled 'Homeland Insecurity'

(6)  That any relevancy which this evidence possesses is far

outweighed by its tendency to inflame the emotions of the

jury.  Clearly, the prejudicial tendency of this evidence,

to cause the jury to decide this case on emotional grounds,

substantially outweighs any probative force that it might
have in the present case.

(7)  Any probative value possessed by the evidence is
substantially outweighed by its tendency to confuse the
jury.

(8)  The relevancy of this evidence, if any, is
substantially outweighed by its tendency, in the minds of
the jurors, to multiply the issues beyond those material to
the case.

(9)  The Defendant argues that the probative value of the
prior convictions in this case is far outweighed by the
prejudicial effect the same would have on the jury,
especially if the Government were allowed to present this
evidence in its case-in-chief.

(10) That the book, which the Defendant avers to this Court
is, in part, a fictional novel, contains no dates and times
of the alleged events.

(11) That after review of the books and websites named
above, it is clear that the alleged events which the
Government intends to present at trial occurred sometime

after 2001, some four years after the events alleged in the current indictment.

(12) That, at best, the presentation of this evidence by the Government could only be used to "to prove the character of [the Defendant] in order to show action in conformity" with the charges as alleged in the indictment.  Further, because the events as alleged in the book occurred after the date of the alleged events as charged in the indictment the Government should not be allowed to admit them as an exclusion because the alleged events would not show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident".

(13) That Rule 404(b) of the Federal Rules of Evidence clearly indicates that such evidence is inadmissible unless such an exclusion exists to allow such evidence for a permissible purpose.

(14) The Government agents who searched Mr. Morris' property and seized the book have no personal knowledge about the contents of the book, nor does the Government have any independent witnesses that can corroborate the events alleged in the book.

(15) That this Honorable Court has ordered that the issues above be briefed on or before October 26th, 2006.  (See Doc# 12)  That the Defendant intends to file such a brief in support of this motion on or before October 26th, 2006 in accordance with this Court's Order.

**WHEREFORE, PREMISES CONSIDERED**, the Defendant prays this Honorable Court Order the U.S. Attorney's Office to make no reference to (1)  any books written by the Defendant or any websites maintained by the Defendant pertaining to such books; (2) any and all references to the Defendants criminal history and/or any record or allegation thereof, to include any reference to any and all pending, non-adjudicated cases against the Defendant;  (3) any and all reference to any alleged drug use;  (4)  Any reference to the book written by the Defendant names 'Homeland Insecurity' or any reference to any alleged events as stated in said book.

**RESPECTFULLY SUBMITTED**, this the 23rd day of October, 2006.

                                    /s/ J. Carlton  Taylor
                                    J. CARLTON TAYLOR (TAY058)
                                    ASB-5037-L53J
                                    Attorney for the Defendant

J. Carlton Taylor
FULLER, TAYLOR & HOLTON, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, Alabama 36117
(334) 244-0447
jtaylor@fullerandtaylor.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23$\underline{^{rd}}$ day of October, 2006, I electronically filed the foregoing Motion in Limine with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Susan Redmond, AUSA
Todd Brown, AUSA
John T. Harmon, AUSA
Office of the U.S. Attorney
Middle District of Alabama
PO Box 197
Montgomery AL 36101-0197

/s/ J. Carlton  Taylor
 J. CARLTON TAYLOR (TAY058)
ASB-5037-L53J
Attorney for the Defendant
