IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA      )
                              )
                              )
v.                            )      2:06-CR-218-MHT
                              )
                              )
                              )
GEORGE HOEY MORRIS            )

DEFENDANT'S REQUESTED JURY INSTRUCTIONS

Comes now, the Defendant, George Hoey Morris, by and through undersigned counsel, J. Carlton Taylor, and respectfully requests that the following jury instructions be given to the jury in the above styled case.

RESPECTFULLY SUBMITTED, this the 23rd day of October, 2006.


                          /s/ J. Carlton  Taylor
                         J. CARLTON TAYLOR (TAY058)
                         ASB-5037-L53J
                         Attorney for the Defendant

J. Carlton Taylor
FULLER, TAYLOR & HOLTON, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, Alabama 36117
(334) 244-0447
jtaylor@fullerandtaylor.com

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1**

**DUTY TO FOLLOW INSTRUCTIONS**
**PRESUMPTION OF INNOCENCE**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

**ANNOTATIONS AND COMMENTS**
In *re Winship,* 397 U.S. 358,364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970) (The due process clause protects all criminal defendants "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."); see also *Harvell v. Nagle,* 58 F.3d 1541, 1542 (11th Cir. 1995), reh'g denied, 70 F.3d 1287 (11th Cir. 1995).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

## DEFINITION OF REASONABLE DOUBT

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**ANNOTATIONS AND COMMENTS**
*United States v. Daniels,* 986 F.2d 451 (11th Cir. 1993), opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), cert. denied, 114 S.Ct 1615, 128 L.Ed.2d 342 (1994) approves this definition and instruction concerning reasonable doubt; see also *United States v. Morris,* 647 F.2d 568 (5th Cir. 1981); *Victor v. Nebraska, l14* S.Ct. 1239, 127 L.Ed.2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3

### CREDIBILITY OF WITNESSES

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment you should carefully scrutinize all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness' intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness' ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different

witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

**Authority:** *Federal Jury Practice and InstructionsI, Devitt, Blackmar, Woff and O'Malley, §15.01 (1992).*

**DEPENDANT'S REQUESTED JURY INSTRUCTION NO. 4**

**BIAS AND HOSTILITY**

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards a Defendant.

Evidence that a witness is biased, prejudiced or hostile toward a Defendant requires you to view that witness' testimony with caution to weight it with care, and subject it to close and searching scrutiny.

**Authority:** 1 L.Sand, et al., *Model Federal Jury Instructions*- Instruction 7-2 (1996)

**DEPENDANT'S REQUESTED JURY INSTRUCTION NO. 5**

**STATEMENT OR CONDUCT OF DEFENDANT**

Evidence relating to any alleged statement, confession, admission, or act or omission alleged to have been made or done by a Defendant outside of court and after a crime has been committed should always be considered by the jury with caution and weighted with great care. All such alleged statements, confessions, admissions or acts or omissions should be disregarded entirely unless the other evidence in the case convinces the jury beyond a reasonable doubt that the statement, confessions, admission, or act or omission was made or done knowingly and voluntarily.

It is for the jury to decide (1) whether the particular Defendant made the statement and (2) if so, how much weight to give to it. In making those decisions you should consider all of the evidence about the statement, including the circumstances under which the particular Defendant may have made it.

In determining whether any statement, confession, admission, or act or omission alleged to have been made by a Defendant outside of court after a crime has been committed was knowingly and voluntarily made or done, the jury should consider the age, training, education, occupation, and physical and mental condition of the Defendant, his treatment while in custody or under interrogation as shown by the evidence in the case, and all other circumstances in evidence.

If after considering the evidence you determine that a statement, confession, admission, or act or omission was not made or done knowingly or voluntarily, you must ignore such statement, confession, admission or act or omission, and may give it no weight.

If after considering the evidence you determine that a statement, confession, admission, or act or omission was made or done knowingly and voluntarily, you may still give it such weight or not as you feel it deserves under the circumstances in evidence.

**Authority:** *Eleventh Circuit Pattern Jury Instructions Criminal.* Special Instructions 2.1 and 2.2 (1997). *Federal Jury Practice and Instructions,* Devitt & Blackmar, §14.03 (1992)(modified); 18 U.S.C.A. §3501; *Crane v. Kentucky,* 476 U.S. 683 (1986); *Jackson v. Denno,* 378U.S. 368 (1964).

## DEPENDANT'S REQUESTED JURY INSTRUCTION NO. 6

## ON OR ABOUT - KNOWINGLY - WILLFULLY

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly" as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of ignorance, mistake or accident.

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed knowingly, voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

**Authority:** *Eleventh Circuit Pattern Jury instructions Criminal,* Basic Instruction 9.1 (1997)(modified); *Staples v. United States,* 114 S.Ct. 179, 1796 (1 94)(requirement to instruct as to "knowingly") *Ratzlaf v. United States,* 114 S.Ct. 655, 657 1994)(requirement to instruct as to meaning of "willfully")

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7**

**LAW ENFORCEMENT WITNESSES**

You have heard the testimony of several law enforcement officials. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for the defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.  If is your decision, after reviewing all of the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

**Authority:** 1 L.Sand, et al., *Modern Federal Jury Instructions* - Instruction #7- 16 (1992).

**DEPENDANT'S REQUESTED JURY INSTRUCTION NO. 8**

**HANDWRITING EXPERTS**

Some of the evidence you have heard involves a factual issue about whether handwriting in question is that of George Hoey Morris'. There has been testimony of a witness who claims special qualification in the field of handwriting identification and he/she was allowed to express his/her opinion on that issue.

The expert witness was allowed to express his/her opinion in order to help you decide whether it is the Defendant's handwriting. You may therefore consider the expert witness' opinion in reaching your independent decision on this issue.

In weighing the expert's testimony, you may consider the expert witness' qualification and opinions and his/her reasons for testifying, in addition to all of the other considerations that apply to ordinary witnesses whose credibility you must determine. You may give the expert witness' testimony such weight, if any, as you find it deserves in light of all of the evidence. You should not permit the witness' testimony to be a substitute for applying your own reason, judgment, and common sense. You may accept or reject it in whole or in part, as you believe best. The determination of the facts in this case rests solely with you.

**Authority:** Ninth Circuit: *United States v. Woodson, 526 F.2d 550 (9tb Cir. 1975)*

**DEPENDANT'S REQUESTED JURY INSTRUCTION NO. 9**

**FALSE STATEMENT IN APPLICATION FOR PASSPORT
(18 U.S.C. § 1542)**

In prosecution for making false statement in application for passport in order to convict a Defendant in prosecution for making a false statement in an application for a visa or passport, the Government must show beyond reasonable doubt that (1) the Defendant willfully and knowingly made a false statement with respect to a material fact in an application for a passport, in this case a passport for replacement of a passport thought to be destroyed, and (2) knowingly presented the application which contained a false statement.

**Authority:** *United States v. Gabriner* (1978, CAI Mass) 571 F2d 48. 18 U.S.C.§1546(a)

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10**

**KNOWINGLY – WILLFULLY**

For purposes of 18 U.S.C.S. § 1542, the words "willfully and knowingly" can be taken only as meaning deliberately and with knowledge and not something which is merely careless or negligent or inadvertent. The word "willful" often denotes an intentional as distinguished from an accidental act. The normal canons of statutory construction counsel that identical words used in different parts of the same act are intended to have the same meaning. Accordingly, the use of the phrase "willfully and knowingly" in § 1542 requires that a defendant have the specific intent to make a false statement in a passport application. Specific intent must be established to prove a violation of §1542.

United States v. George, 266 F.3d 52 (2d Circuit 2001)

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11

### Similar Acts Evidence
### (Rule 404(b), FRE)

During the course of the trial, as you know from the instructions I gave you then, you heard evidence of acts of the Defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the Defendant committed the acts charged in the indictment.

However, you may consider this evidence for other, very limited, purposes.  If you find beyond a reasonable doubt from other evidence in this case that the Defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine whether the Defendant committed the acts for which the Defendant is on trial by accident or mistake.

United States v. Beechum, 582 F.2d 898 (5th Cir. 1978) (en banc) cert. denied, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979)
Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988)

United States v. Miller, 959 F.2d 1535 (11th Cir. 1992)
(en banc), cert. denied, 506 U.S. 942, 113 S.Ct. 382,
121 L.Ed.2d 292 (1992).

DEPENDANT'S REQUESTED JURY INSTRUCTION NO. 12

**Impeachment**
**Inconsistent Statement And Felony Conviction**
**(Defendant Testifies With Felony Conviction)**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the

significance of that may depend on whether it has to do

with an important fact or with only an unimportant

detail.

A Defendant has a right not to testify. If a Defendant

does testify, however, you should decide in the same

way as that of any other witness whether you believe

the Defendant's testimony. [Evidence of

a Defendant's previous conviction of a crime is to be

considered by you only in deciding whether you believe

or disbelieve the Defendant as a witness, and must

never be considered as evidence of guilt of the

crime(s) for which the Defendant is on trial.]


**ANNOTATIONS AND COMMENTS**
United States v. Lippner, 676 F.2d 456, 462 n.11 (11th
Cir. 1982), it is plain error not to give a limiting
instruction (such as the last sentence of this
instruction) when a Defendant is impeached as a witness
under Rule 609, FIRE., by cross examination concerning
a prior conviction) (citing United States v. Diaz, 585
F.2d 116 (5th Cir. 1978)).

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23<u>rd</u> day of <u>October</u>, 2006, I electronically filed the foregoing Defendant's Requested Jury Instructions with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Susan Redmond, AUSA
Todd Brown, AUSA
John T. Harmon, AUSA
Office of the U.S. Attorney
Middle District of Alabama
PO Box 197
Montgomery AL 36101-0197


                              <u>/s/ J. Carlton  Taylor</u>
                              J. CARLTON TAYLOR (TAY058)
                              ASB-5037-L53J
                              Attorney for the Defendant