```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF ALABAMA
                    NORTHERN DIVISION

UNITED STATES OF AMERICA    )
                            )
                            )
                            )
v.                          )      2:06-CR-218-MHT
                            )
                            )
                            )
GEORGE HOEY MORRIS          )
```
_____

### MOTION FOR CHANGE OF VENUE
_____

**COMES NOW**, the Defendant, George Hoey Morris, by and through counsel and respectfully moves this Court for an order granting a change of venue, pursuant to Fed.R.Crim.P. 21; the Sixth, Eighth and Fourteenth Amendments to the United States Constitution; and applicable federal law.

1. The Defendant is charged with passport fraud. Said event allegedly occur on or about August 1, 1997.

2. Newspapers in the Montgomery, Elmore County, and Eclectic Alabama area have carried highly prejudicial material concerning the Defendant and his recent trial for Felony in Possession of a Firearm, Visa Fraud and Transportation for Illegal Sexual Activity and Related Crimes (4 counts) cases. Such articles have made

references to the guilty finding of the Defendant in previous cases unrelated to this matter.

3.   Local television stations have broadcast similar prejudicial material concerning the Defendant and this case and his previous finding of guilty on unrelated charges, namely a 1980 conviction for distribution of cocaine.

4.   That as a result of the publicity the Defendant has been label a sexual predator and his book 'Virginbride.net' has been labeled as a guide to having sex with minor children.

5.   The pretrial publicity and word of mouth communication have created an inherently prejudicial atmosphere making the selection of a fair and impartial jury impossible.

6.   The Defendant and his counsel are of the belief that the prejudicial attitudes are deep-seated and that he could not receive a fair trial in the present venue.

7.   Trial of the Defendant in this venue will violate his right to a fair trial by an impartial jury as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution.

8.   That in <u>United States v. Campa</u>, 419 F.3d 1219 (11th Cir. 2005), the Court found that;

> "If a movant seeking a change in venue adduces evidence of inflammatory, prejudicial pretrial publicity that so pervades or saturates the community as to render virtually impossible a fair trial by an impartial jury drawn from that community, jury prejudice is presumed and there is no further duty to establish bias. Although such presumed prejudice is only rarely applied, the successful movant need not show that the jury was actually prejudiced by the pervasive community sentiment or that the jurors were actually exposed to any publicity, but must show that, first, the pretrial publicity was sufficiently prejudicial and inflammatory and second that the prejudicial pretrial publicity saturated the community where the trial was held. The movant bears the extremely heavy burden of proving that the pretrial publicity deprived him of his right to a fair trial. Just as issues involving prejudice from publicity require a review of the special facts of each case, a review of presumed prejudice requires a review of the totality of the circumstances. Further, a court considering a change of venue motion must review all of the circumstances and events occurring before and during the trial and their cumulative effect."

9.   Under Fed.R.Crim.P. 21 (a), "Upon the Defendants motion, the court must transfer the proceeding against the Defendant to another district if the court is satisfied that so great a prejudice against the Defendant exists in the transferring district that the Defendant cannot obtain a fair and impartial trial there."

10.  In this case, the Defendant contends that he can show "to the reasonable satisfaction of the court that a fair and impartial trial and an unbiased verdict cannot be reasonably expected in the county in which the defendant is to be tried" because of the prejudicial pretrial publicity surrounding this case.

11.  As a matter of constitutional law, it is well settled that the Defendant is entitled to a change of venue if he produces evidence of "inflammatory, prejudicial pretrial publicity that so pervades or saturates the community as to render virtually impossible a fair trial by an impartial jury drawn from that community, [since jury] 'prejudice is [then] presumed and there is no further duty to establish bias.'"  Coleman v. Zant, 708 F.2d 541, 544 (11th Cir. 1983) (quoting Mayola v. Alabama, 623 F.2d 992, 997 (5th Cir. 1980), cert. denied, 451 U.S. 913 (1981)); Hunt v. State, 642 So.2d 999, 1042-43 (Ala.Cr.App. 1993), aff'd, 642 So.2d 1060 (Ala. 1994).  See also Rideau v. Louisiana, 373 U.S. 723 (1963).

12.  It is equally well settled that a change of venue is constitutionally required when it is demonstrated that jurors called for the case entertain an opinion on

guilt or punishment and are unable to lay aside their opinions and render a verdict based on the evidence. Hunt v. State, 642 So.2d at 1042-43; Irvin v. Dowd, 366 U.S. 717, 723, 727 (1961); Coleman v. Zant, 708 F.2d at 544; Ross v. Hopper, 716 F.2d 1528, 1541 (11th Cir. 1983), modified in other respects, 756 F.2d 1483 (1985) (en banc), remanded on other grounds, 785 F.2d 1467 (1986). The Fourteenth Amendment's due process clause safeguards a defendant's Sixth Amendment right to be tried by "a panel of impartial, 'indifferent' jurors." Irvin v. Dowd, 366 U.S. at 722. When prejudicial pretrial publicity or an inflamed community atmosphere precludes seating an impartial jury, due process requires the trial court to grant a defendant's motion for a change of venue. Rideau v. Louisiana, 373 U.S. 723 (1963); see also Whisenhant v. State, 370 So.2d 1080, 1096 (Ala.Cr.App.), cert. denied, 370 So.2d 1106 (Ala. 1979) (case transferred from Mobile to Jefferson County because of extensive pretrial publicity). Where there has been such prejudicial pretrial publicity, voir dire is not adequate to protect the Defendant's right to a fair trial by an impartial jury. See Coleman v. Kemp, 778 F.2d 1487, 1542.

13.   Moreover, because the Defendant has the burden of proving to the reasonable satisfaction of the trial judge that an impartial jury cannot be impaneled, the Defendant has the right to discovery on the issue of pretrial publicity and the right to an evidentiary hearing to prove his claim.  Peoples v. State, 510 So.2d 554, 563 (Ala.Cr.App. 1986), aff'd, 510 So.2d 574 (Ala. 1987); Coleman v. Zant, 708 F.2d 541 (11th Cir. 1983).

14.   Clearly inadmissible evidence and evidence otherwise outside the province of proper jury consideration at trial has been publicized in a manner so prejudicial to the interests of the Defendant that it has inevitably jeopardized his rights to a jury trial, to a trial before a fair and impartial jury, to effective assistance of counsel, to confrontation of witnesses, and to a jury selected from a fair cross section of the community as guaranteed by the Sixth, Eighth and Fourteenth Amendments to the United States Constitution and by applicable federal law.

**WHEREFORE, PREMISES CONSIDERED**, the Defendant moves for a change of venue be granted.

**RESPECTFULLY SUBMITTED**, this the 23rd day of October, 2006.

    /s/ J. Carlton Taylor
J. CARLTON TAYLOR (TAY058)
ASB-5037-L53J
Attorney for the Defendant

J. Carlton Taylor
FULLER, TAYLOR & HOLTON, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, Alabama 36117
(334) 244-0447
jtaylor@fullerandtaylor.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of October, 2006, I electronically filed the foregoing Motion for Change of Venue with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Susan Redmond, AUSA
Todd Brown, AUSA
John T. Harmon, AUSA
Office of the U.S. Attorney
Middle District of Alabama
PO Box 197
Montgomery AL 36101-0197

    /s/ J. Carlton Taylor
J. CARLTON TAYLOR (TAY058)
ASB-5037-L53J
Attorney for the Defendant