IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                      ) | CRIMINAL ACTION NO. |
| ) | 2:06cr218-MHT |
| GEORGE HOEY MORRIS        ) | (WO) |
| a/k/a JOHNNY RAY FORTUNE  ) | |

OPINION AND ORDER

Currently before the court is defendant George Hoey Morris's motion to dismiss the indictment. Morris states that the offense with which he is charged--making a false statement in application for a passport, in violation of 18 U.S.C. § 1542--allegedly occurred in 1997; that the statute of limitations as set out in 18 U.S.C. § 3282 is five years; and that he was not indicted until September 2006. Therefore, Morris argues, the indictment is due to be dismissed as outside the statute of limitations.

Morris errs in stating that the offense with which he is charged in § 1542, is governed by the statute of limitations described in § 3282. That section provides

a five-year limitation "[e]xcept as otherwise expressly provided by law."  18 U.S.C. § 3282.  An exception is expressly provided in 18 U.S.C. § 3291:

> "No person shall be prosecuted, tried, or punished for violation of any provision of ... sections 1541 to 1544, inclusive, of chapter 75 of title 18 of the United States Code ... unless the indictment is found ... within <u>ten</u> years after the commission of the offense."

Id. § 3291 (emphasis added).  Therefore, because Morris is charged with violating § 1542, the statute of limitations on his offense is ten years, not five.  Accordingly, the indictment is not due to be dismissed on statute-of-limitations grounds.

Morris also contends that "the delay in arresting/indicting Morris for the alleged offenses was at best negligent due to the Government's failure to timely investigate the alleged fraud."  Mot. Dismiss ¶ 10.  In response, the government interprets that statement as a due process argument for dismissal.  The court is unsure Morris intends to allege a ground for

dismissal separate from the statute of limitations. However to the extent ¶ 10 is intended as a separate due process argument, the court agrees with the government that no due process violation has occurred. To merit dismissal of an indictment on the ground of preindictment delay, the defendant bears the burden of demonstrating both that the delay caused him actual substantial prejudice and that the government deliberately created the delay for tactical advantage. <u>United States v. Foxman</u>, 87 F.3d 1220, 1222 (11th Cir. 1996). By alleging only that the government was "at best negligent," Morris has clearly failed to meet that burden here.

Accordingly, it is ORDERED that defendant George Hoey Morris's motion to dismiss indictment (doc. no. 8) is denied.

DONE, this the 26th day of October, 2006.

　　　　　　　　　　　　　　/s/ Myron H. Thompson
　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**