```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF ALABAMA
                   NORTHERN DIVISION

UNITED STATES OF AMERICA     )
                             )
                             )
                             )
v.                           )    2:06-CR-218-MHT
                             )
                             )
                             )
GEORGE HOEY MORRIS           )
```

**BRIEF IN SUPPORT OF MOTION IN LIMINE
AND OBJECTION TO GOVERNMENTS MOTION IN LIMINE:
PROFFER AND NOTICE OF INTENT TO USE 404(b)EVIDENCE**

**COMES NOW,** the Defendant, George Hoey Morris, by and through the undersigned counsel and files this his Brief in Support of Motion in Limine and Objection to Governments Motion in Limine:  Proffer and Notice of Intent to use 404(b) Evidence in the above-styled case.  As grounds therefore the Defendant would show unto this Honorable Court as follows;

### FACTS OF THE CASE

That on or about April 20, 2005 and June 29, 2005, the Defendant was indicted on the charges of 18 U.S.C. 1546 - Visa Fraud, and 18 U.S.C. 922 (g)(1) and (g)(3) Possession or Unlawful Use of a Firearm, case 2:05 CR 108.

On January 20th, 2006 the Government entered a Superseding Indictment where in the Government supplemented the charges against the Defendant to include violation of 18 U.S.C. 2421

through 2423 - Transportation for Illegal Sexual Activity and Related Crimes, as well as the previously indicted allegations of 18 U.S.C. 1546 - Visa Fraud, 18 U.S.C. 922 (g)(1) and (g)(3), Possession or Unlawful Use of a Firearm, case 2:05 CR 108.

On June 13th, 2006 the Government filed a Motion to Dismiss the Indictment(s) of the Defendant dated April 20, 2005 and June 29, 2005.

On June 14th, 2006 the Government filed a Motion to Dismiss the January 20th, 2006 Superseding Indictment against the Defendant, case 2:05 CR 108 and thereafter caused to be issued a seven (7) count Indictment against the Defendant wherein the Government charged the Defendant with violation of 18 U.S.C. 2421 through 2423 - Transportation for Illegal Sexual Activity and Related Crimes, as well as the previously indicted allegations of 18 U.S.C. 1546 - Visa Fraud, 18 U.S.C. 922 (g)(1) and (g)(3), Possession or Unlawful Use of a Firearm, case 2:05 CR 108.

Counts 6 and 7 of the Indictment charging the Defendant with 18 U.S.C. 922 (g)(1) and (g)(3) Possession or Unlawful Use of a Firearm, require the Government to prove as an element of said charge(s) that the Defendant is a convicted felon and that the Defendant is a known drug user as defined in §102 of the Controlled Substances Act (21 U.S.C. 802), case 2:05 CR 108.

On October 2, 2006, the Government and defense counsel struck two separate juries for the severed trials. Trial began on Counts 6 and 7, case 2:05 CR 108.  That on October 3, 2006, trial was completed for counts 6 and 7 and jury deliberations began.

On October 3, 2006, trial began for Counts 1 – 5, case 2:05 CR 108.  The trial was completed on October 5, 2006 and jury deliberations began.

On October 5, 2006, the jury found the Defendant guilty on Count 6 and the jury was unable to reach a unanimous verdict on Count 7, case 2:05 CR 108.  On October 6, 2006, the jury found the Defendant guilty on Counts 1 – 5, case 2:05 CR 108.

That on September 7, 2006, the Defendant was indicted and charged with passport fraud in violation of 18 U.S.C. 1542.  Said event allegedly occur on or about August 1, 1997.  On October 18, 2006, the Government filed a Motion in Limine:  Proffer and Notice of Intent to Use 404(b) Evidence wherein the Government gave notice of intent to proffer as evidence in their case in chief the recent convictions of the Defendant.

## LEGAL ANALYSIS

**Evidence should be excluded under Rule 403 because it is the probative value of the evidence if far outweighed by the prejudicial effect.**

The evidence proffered by the Government is substantially more prejudicial than it is probative and therefore - should be excluded under Rule 403. As listed above, the prior trials of the Defendant and his conviction of the same do not provide any missing information relevant to this case. The Government wants to provide what they believe to be the Defendant's "intended" use of the alleged fraudulent passport, as the intent of the Defendant to engage in illegal sexual activity with underage girls. Morris does not concede that this was his intent at all and until Morris proffers such a defense, the Governments proffered reason for admitting such evidence is wholly irrelevant.

Further, it is not the province of the court to admit highly prejudicial evidence, such as that offered by the Government, simply because the Government has a weak case. The Government has admitted in their own Motion in Limine: Proffer of and Notice of 404(b) evidence that

> "Since Morris is not likely to testify at trial given his prior felony conviction, The United States will have to rely on circumstantial evidence, such as the proffered evidence, to establish Morris' intent…".

It should first be noted that at this point the Defendant has neither made a decision to, or not to testify. Such decisions are generally left to be determined based on the course of the trial and that such

an assumption is not a proper basis by which to admit such substantially prejudicial evidence as that of prior convictions of the Defendant to show conformity therewith. This is the premise behind Rule 403 of the Rules of Criminal Procedure as a factor by which this court should weigh the admissibility of such evidence.

Clearly, if the facts of the cases are so intertwined they should have been tried as companion charges. To later provide proof of a conviction as opposed to an allegation is without question an issue to which the jury will give more weigh and be more inclined to assume the guilt of the Defendant is the subsequent charges. Further, the admission of the books, 'Virginbride.net' and 'Flashbacks' would serve no other purpose than to inflame the emotions of the jury due to the explicated and provocative images in those books.

Despite the obvious lack of connection between the charges from case 2:05 CR 108 and the charges the Defendant is indicted with on this case, as well as the books authored by the Defendant, the Government can only assume the Defendants intended use of the passport for which he has been indicted. The Government wants to admit this evidence only to portray the Defendant as a child predator and a convicted felon which is evident from the Government's request to admit the Defendant's

charge of Felon in Possession of a Firearm, the Defendant's 1980 felony conviction and the Transportation of Minors for Illegal Sexual Acts counts, and books authored by the Defendant, namely 'Virginbride.net' and 'Flashbacks' all of which has little or no probative value to show the Defendant's intent in the case presently before the Court and should be therefore be excluded. Clearly the only evidence the Government wishes to admit and that could be possibly probative is the Defendant's convictions for Visa Fraud; however, due to the fact that those Visa charges relate to minors, it is clear that the substantial prejudice to the jury far outweighs the probative value. Further, two of the Visa which the Government requests to admit were not charged conduct and only the Visa which was filed in July of 2001 was found to be fraudulent by the jury in the prior trial.

Further, the Government misapprehends United States v. Beechum, 582 F.2d 898 (5th Cir.-OLD 1978), which states as follows:

Beecham clearly states that:

> "The rule follows the venerable principle that evidence of extrinsic offenses should not be admitted solely to demonstrate the defendant's bad character. Even though such evidence is relevant, because a man of bad character is more likely to commit a crime than one not, the principle prohibits such evidence because it is inherently prejudicial. See, e. g., Michelson v. United States, 335 U.S. 469, 475-76, 69 S.Ct. 213, 218, 93 L.Ed. 168 (1948)."

Beecham also addresses the two-prong test to be applied by this Court as follows:

> "What the rule calls for is essentially a two-step test. First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403."

Although the Government, at best, argues that the evidence does not go to character, but intent, it is undisputable that the evidence which the Government wishes to admit is outweighed by the undue prejudice to the jury based on the foregoing elements of evidence which the Government states it wishes to enter into evidence.

Beecham further addresses this issues by stating:

> "The task for the court in its ascertainment of probative value and unfair prejudice under rule 403 calls for a commonsense assessment of all the circumstances surrounding the extrinsic offense. As the Advisory Committee Notes to rule 404(b) state: "No mechanical solution is offered. The determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other facts appropriate for making decision of this kind under Rule 403." <u>28 U.S.C.A. Rules of Evidence</u> at 109 (1975)."

Further stating:

> "Probity in this context is not an absolute; its value must be determined with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation, or inference. [FN18] It is the incremental probity of the evidence that is to be balanced against its potential for undue

prejudice. Dolan, Rule 403: The Prejudice Rule in Evidence, 49 S.Cal.L.Rev. 220, 234-35 & n. 52 (1976); See United States v. Baldarrama, 566 F.2d 560, 568 (5th Cir. 1978)."

Beecham also states that the balancing test which the Court must apply should be calculated as follows when the evidence is offered is extrinsic evidence offered to prove intent. In this case the Court stated that:

"In measuring the probative value of the evidence, the judge should consider the overall similarity of the extrinsic and charged offenses. If they are dissimilar except for the common element of intent, the extrinsic offense may have little probative value to counterbalance the inherent prejudice of this type of evidence. Of course, equivalence of the elements of the charged and extrinsic offenses is not required. But the probative value of the extrinsic offense correlates positively with its likeness to the offense charged."

The Court has further addressed the issue of prior convictions in Old Chief v. United States, 519 U.S. 172 (U.S. 1997) wherein the Court states as follows

"In a proper case, evidence of a federal criminal defendant's conviction of a prior offense may be admissible, under Rule 609 of the Federal Rules of Evidence, for impeachment of the defendant, even if for no other purpose; however, in a case in which the defendant does not testify at trial, there is (1) no justification for admitting such prior-offense evidence for impeachment purposes, and (2) consequently, no basis for suggesting, in a jury instruction, that the jurors can consider the prior conviction as impeachment evidence."

The Old Chief Court went further to state that:

> "For purposes of determining whether evidence should be excluded under Rule 403 of the Federal Rules of Evidence, the term "unfair prejudice," as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."

It is without question that the evidence proffered by the Government in their Motion in Limine would 'lure the factfinder' away from the Government's required burden of proof for the current offense.

That, at best, the presentation of this evidence by the Government could only be used to "to prove the character of [the Defendant] in order to show action in conformity" with the charges as alleged in the indictment. The purpose of Rule 404(b) as stated below is clearly to exclude such prejudicial evidence and to allow the Defendant a fair and impartial trial.

Rule 404(b), Federal Rules of Evidence provides:

> "Evidence of other crimes, wrongs or acts is not admissible to prove character of a person in order to show that he acted in conformity therewith."

Admission of this evidence raises the real danger, if not an absolute certainty, that the jury will assume that the Defendant must have committed fraud because of his prior conviction for Transportation for Illegal Sexual Activity and Related Crimes (4 counts). In other words, the evidence offered would tend to take to factfinder to the conclusion, 'if he did

something similar before, he must have done this' which is conformity and the very reason Rule 403 exists.  Thus, this evidence is substantially more prejudicial than it is probative.

**Old Chief supra**, states it best where the Court found that:

> "For purposes of determining whether relevant evidence should be excluded in a criminal case under the unfair-prejudice provision of Rule 403 of the Federal Rules of Evidence (FRE), the improper grounds on which a factfinder may find a defendant guilty include generalizing an earlier bad act of the defendant into bad character and taking that as (1) raising the odds that the defendant did the later bad act now charged, or (2) worse, calling for preventive conviction even if the defendant should happen to be innocent momentarily; although such "propensity evidence" is relevant, the risk that a jury will convict for crimes other than those charged--or that the jury, uncertain of guilt, will convict anyway because a bad person deserves punishment--creates a prejudicial effect that outweighs ordinary relevance; FRE Rule 404(b) reflects the common-law tradition disallowing such propensity evidence; thus, propensity is an improper basis for conviction, and evidence of a prior conviction is subject to analysis under Rule 403 for (1) relative probative value, and (2) prejudicial risk of misuse as propensity evidence."

## CONCLUSION

For the foregoing reasons, the Defendant, George Hoey Morris, respectfully requests that this Honorable Court enter an Order precluding the use during opening and closing statements or the introduction of any testimony or evidence referenced in the Governments Motion in Limine:  Proffer of and Notice of Intent to use 404(b)Evidence.

**RESPECTFULLY SUBMITTED**, this the 26th day of October, 2006.

/s/ J. Carlton  Taylor
J. CARLTON TAYLOR (TAY058)
ASB-5037-L53J
Attorney for the Defendant

J. Carlton Taylor
FULLER, TAYLOR & HOLTON, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, Alabama 36117
(334) 244-0447
jtaylor@fullerandtaylor.com


**CERTIFICATE OF SERVICE**

I hereby certify that on this the 26th day of October, 2006, I electronically filed the foregoing Brief in Support of Motion for Change of Venue with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Susan Redmond, AUSA
Todd Brown, AUSA
John T. Harmon, AUSA
Office of the U.S. Attorney
Middle District of Alabama
PO Box 197
Montgomery AL 36101-0197

/s/ J. Carlton  Taylor
J. CARLTON TAYLOR (TAY058)
ASB-5037-L53J
Attorney for the Defendant