IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **2:06-CR-218-MHT** |
| | ) | |
| | ) | |
| | ) | |
| **GEORGE HOEY MORRIS** | ) | |

**BRIEF IN SUPPORT OF
MOTION TO CHANGE VENUE**

**COMES NOW,** the Defendant, George Hoey Morris, by and through the undersigned counsel and files this his Brief in Support of Motion to Change Venue in the above-styled case. As ground therefore the Defendant would show unto this Honorable Court as follows;

**FACTS OF THE CASE**

That on or about April 20, 2005 and June 29, 2005, the Defendant was indicted on the charges of 18 U.S.C. 1546 - Visa Fraud, and 18 U.S.C. 922 (g)(1) and (g)(3) Possession or Unlawful Use of a Firearm, case 2:05 CR 108.

On January 20th, 2006 the Government entered a Superseding Indictment where in the Government supplemented

the charges against the Defendant to include violation of 18 U.S.C. 2421 through 2423 - Transportation for Illegal Sexual Activity and Related Crimes, as well as the previously indicted allegations of 18 U.S.C. 1546 - Visa Fraud, 18 U.S.C. 922 (g)(1) and (g)(3), Possession or Unlawful Use of a Firearm, case 2:05 CR 108.

On June 13th, 2006 the Government filed a Motion to Dismiss the Indictment(s) of the Defendant dated April 20, 2005 and June 29, 2005.

On June 14th, 2006 the Government filed a Motion to Dismiss the January 20th, 2006 Superseding Indictment against the Defendant, case 2:05 CR 108 and thereafter caused to be issued a seven (7) count Indictment against the Defendant wherein the Government has charged the Defendant with violation of 18 U.S.C. 2421 through 2423 - Transportation for Illegal Sexual Activity and Related Crimes, as well as the previously indicted allegations of 18 U.S.C. 1546 - Visa Fraud, 18 U.S.C. 922 (g)(1) and (g)(3), Possession or Unlawful Use of a Firearm, case 2:05 CR 108.

Counts 6 and 7 of the Indictment charging the Defendant with 18 U.S.C. 922 (g)(1) and (g)(3) Possession or Unlawful

Use of a Firearm, require the Government to prove as an element of said charge(s) that the Defendant is a convicted felon and that the Defendant is a known drug user as defined in §102 of the Controlled Substances Act (21 U.S.C. 802), case 2:05 CR 108.

On October 2, 2006, the Government and defense counsel struck two separate juries for the severed trials.  During Voir Dire, at least three jurors were struck for cause for either knowing about the case, for having read something about the case or based on their strong opinions of the alleged charges.  Trial began on Counts 6 and 7, case 2:05 CR 108.  That on October 3, 2006, trial was completed for counts 6 and 7 and jury deliberations began.  During deliberations, one juror who saw photo negatives inadvertently sent to the jury room with other evidence was removed because he also remembered hearing about the Defendant and the alleged charges against him.  On October 3, 2006, trial began for Counts 1 – 5, case 2:05 CR 108.  The trial was completed on October 5, 2006 and jury deliberations began.

On October 6, 2006, the jury found the Defendant guilty on Count 6 and the jury was unable to reach a unanimous

verdict on Count 7, case 2:05 CR 108. On October 6, 2006, the jury found the Defendant guilty on Counts 1 – 5, case 2:05 CR 108.

On October 7, 2006, the Montgomery Advertiser printed a front page article titled "Sex trade guide author convicted" [See attached Exhibit A] in reference to the Defendant's conviction. Another press release was issued by the Department of Justice titled "Child Sex Tourist Convicted by Federal Jury" [See attached Exhibit B]. That CBS Channel 8 and WSFA ran stories on the Defendant's conviction the weekend following the Defendant's conviction on Friday. Other news blogs were available on the stations websites. Further articles, on or about October 11, 2006, ran in the Eclectic Observer and the News Record which is distributed in Wetumpka, Alabama.

All of these article and news stories made reference to the Defendant as either a sexual predator, sexual exploiter of minors and the author of 'Virginbride.net' which they explained was a guide to having sex with minors.

That on September 7, 2006, the Defendant was indicted and charged with passport fraud in violation of 18 U.S.C. 1542. Said event allegedly occur on or about August 1,

1997. On October 18, 2006, the Government filed a Motion in Limine: Proffer and Notice of Intent to Use 404(b) Evidence wherein the Government gave notice of intent to proffer as evidence in their case in chief the recent convictions of the Defendant.

## LEGAL ANALYSIS

Under Fed.R.Crim.P. 21 (a), "Upon the Defendants motion, the court must transfer the proceeding against the Defendant to another district if the court is satisfied that so great a prejudice against the Defendant exists in the transferring district that the Defendant cannot obtain a fair and impartial trial there."

It is well settled that the Defendant is entitled to a change of venue if he produces evidence of "inflammatory, prejudicial pretrial publicity that so pervades or saturates the community as to render virtually impossible a fair trial by an impartial jury drawn from that community, [since jury] 'prejudice is [then] presumed and there is no further duty to establish bias.'" [See Coleman v. Zant, 708 F.2d 541, 544 (11th Cir. 1983) (quoting Mayola v. Alabama, 623 F.2d 992, 997 (5th Cir. 1980), cert. denied, 451 U.S.

913 (1981)); <u>Hunt v. State</u>, 642 So.2d 999, 1042-43 (Ala.Cr.App. 1993), <u>aff'd</u>, 642 So.2d 1060 (Ala. 1994).  <u>See also</u> <u>Rideau v. Louisiana</u>, 373 U.S. 723 (1963).]

It is clear for the foregoing facts that Morris' prior case(s) have so pervasively saturated the community, that Morris would be unable to get a fair trial should the case remain in the Middle District.  The Court has clearly stated in <u>Meeks v. Moore</u> 216 F.3d 951, *960 - 961 (C.A.11 (Fla.), 2000) that:

> "Prejudice is presumed from pretrial publicity when pretrial publicity is sufficiently prejudicial and inflammatory and the prejudicial pretrial publicity saturated the community where the trials were held. The presumed prejudice principle is rarely applicable, and is reserved for an extreme situation.... [W]here a petitioner adduces evidence of inflammatory, prejudicial pretrial publicity that so pervades or saturates the community as to render virtually impossible a fair trial by an impartial jury drawn from the community, jury prejudice is presumed and there is no further duty to establish bias. *Kemp,* 778 F.2d at 1490 (internal citations and quotation marks omitted); *see also Manning v. State,* 378 So.2d 274, 276 (Fla.1979) ("[A] determination must be made as to whether the general state of mind of the inhabitants of a community is so infected by knowledge of the incident and accompanying prejudice, bias, and preconceived opinions that jurors could not possibly put these matters out of their minds and try the case solely on the evidence presented in the courtroom.")."

Morris has been vilified in the papers and on television, all of which are the primary source of news for the jury venire, as a sexual predator, a sex exploiter and that his book is a guide to having sex with minors. Clearly, with the public consciousness regarding sexual predators such as John Carr as well as numerous others recently addressed in national news, that even the allegation that Morris was abusing children causes him to be prejudiced.

In United States v. Campa, 419 F.3d 1219 (11th Cir. 2005) the Eleventh Circuit has stated that:

> "If a movant seeking a change in venue adduces evidence of inflammatory, prejudicial pretrial publicity that so pervades or saturates the community as to render virtually impossible a fair trial by an impartial jury drawn from that community, jury prejudice is presumed and there is no further duty to establish bias. Although such presumed prejudice is only rarely applied, **the successful movant need not show that the jury was actually prejudiced by the pervasive community sentiment or that the jurors were actually exposed to any publicity, but must show that, first, the pretrial publicity was sufficiently prejudicial and inflammatory and second that the prejudicial pretrial publicity saturated the community where the trial was held.**" [Emphasis added.]

Morris would be further prejudiced should the Government be allowed to introduce evidence of such prior convictions in its case-in-chief at trial further prejudicing the jury against him.

It is equally well settled that a change of venue is constitutionally required when it is demonstrated that jurors called for the case entertain an opinion on guilt or punishment and are unable to lay aside their opinions and render a verdict based on the evidence. [See Hunt v. State, 642 So.2d at 1042-43; Irvin v. Dowd, 366 U.S. 717, 723, 727 (1961); Coleman v. Zant, 708 F.2d at 544; Ross v. Hopper, 716 F.2d 1528, 1541 (11th Cir. 1983), modified in other respects, 756 F.2d 1483 (1985) (en banc), remanded on other grounds, 785 F.2d 1467 (1986). The Fourteenth Amendment's due process clause safeguards a Defendant's Sixth Amendment right to be tried by "a panel of impartial, 'indifferent' jurors." Irvin v. Dowd, 366 U.S. at 722.]

When prejudicial pretrial publicity or an inflamed community atmosphere precludes seating an impartial jury, due process requires the trial court to grant a Defendant's Motion for a Change of Venue. [See Rideau v. Louisiana,

373 U.S. 723 (1963); see also Whisenhant v. State, 370 So.2d 1080, 1096 (Ala.Cr.App.), cert. denied, 370 So.2d 1106 (Ala. 1979) (case transferred from Mobile to Jefferson County because of extensive pretrial publicity)]. Where there has been such prejudicial pretrial publicity, voir dire is not adequate to protect the Defendant's right to a fair trial by an impartial jury. [See Coleman v. Kemp, 778 F.2d 1487, 1542.]

## CONCLUSION

Clearly inadmissible evidence and evidence otherwise outside the province of proper jury consideration at trial has been publicized in a manner and through numerous sources. This publicity is so prejudicial to the interests of the Defendant that it has inevitably jeopardized his rights to a jury trial, to a trial before a fair and impartial jury, to effective assistance of counsel, to confrontation of witnesses, and to a jury selected from a fair cross section of the community. This right is guaranteed by the Sixth, Eighth and Fourteenth Amendments to the United States Constitution and by applicable federal law.

**RESPECTFULLY SUBMITTED**, this the 26th day of October, 2006.

/s/ J. Carlton  Taylor
J. CARLTON TAYLOR (TAY058)
ASB-5037-L53J
Attorney for the Defendant

J. Carlton Taylor
FULLER, TAYLOR & HOLTON, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, Alabama 36117
(334) 244-0447
jtaylor@fullerandtaylor.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 26th day of October, 2006, I electronically filed the foregoing Brief in Support of Motion for Change of Venue with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Susan Redmond, AUSA
Todd Brown, AUSA
John T. Harmon, AUSA
Office of the U.S. Attorney
Middle District of Alabama
PO Box 197
Montgomery AL 36101-0197

/s/ J. Carlton  Taylor
J. CARLTON TAYLOR (TAY058)
ASB-5037-L53J
Attorney for the Defendant