IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>   v.                                         )<br>                                              )<br>GEORGE HOEY MORRIS             )<br>a/k/a JOHNNY RAY FORTUNE  ) | CRIMINAL ACTION NO.<br>    2:06cr218-MHT<br>         (WO) |

OPINION AND ORDER

Currently before the court is defendant George Hoey Morris's motion for a change of venue.  Morris claims that due to negative pretrial publicity, he cannot obtain a fair and impartial trial in this district.

To prevail on a motion to change venue due to negative pretrial publicity, the defense must demonstrate either presumed or actual prejudice. Meeks v. Moore, 216 F.3d 951, 961 (11th Cir. 2000).  The defendant must show: "(1) that widespread, pervasive prejudice against him and prejudicial pretrial publicity saturates the community where he is to be tried and (2) that there is a reasonable certainty that such prejudice will prevent him

from obtaining a fair trial by an impartial jury." United States v. Campa, 459 F.3d 1121, 1143 (11th Cir. 2006) (en banc).

The standard for establishing presumed prejudice is a demanding one. "The presumed prejudice principle is rarely applicable and is reserved for an extreme situation. The burden placed upon the defendant to show that pretrial publicity deprived him of his right to a fair trial before an impartial jury is an extremely heavy one." Id. (internal quotation marks, brackets, and footnote omitted).

Morris's case has received some attention in the press in the past and in recent weeks; however, this publicity is nowhere near the magnitude necessary to require the court to presume prejudice. See, e.g., United States v. Lehder-Rivas, 955 F.2d 1510, 1524 (11th Cir. 1992) (finding no presumptive prejudice where pretrial publicity included characterizations of the defendant as a "drug kingpin" and a "narco-terrorist").

Because this case is still in the pretrial stage and the court has not impanelled a jury, it is impossible for the defendant to demonstrate <u>actual</u> prejudice until voir dire examination occurs. See <u>Campa</u>, 459 F.3d at 1146-47 ("Indeed ... a trial court's method of holding its decision on a Rule 21 motion for change of venue in abeyance until the conclusion of the voir dire is clearly the preferable procedure." (internal quotation marks omitted)); <u>see also</u> <u>United States v. Rodriguez-Cardona</u>, 705 F.Supp. 70, 72 (D.P.R. 1989) ("It is axiomatic that the existence of prejudice can better be determined by careful voir dire examination of potential jurors than by speculation about the effect of publicity."). The proper course of action in this case is to proceed with voir dire examination to ascertain what effect, if any, the pretrial publicity has had on the jury venire.

It is ORDERED that defendant George Hoey Morris's motion for change of venue (doc. no. 21) is denied

without prejudice, subject to reconsideration after the voir dire examination of the venire.

DONE, this the 30th day of October, 2006.

      /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**