IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:06cr218-MHT |
| GEORGE HOEY MORRIS | ) | |
| a/k/a JOHNNY RAY FORTUNE | ) | |

## COURT'S INSTRUCTIONS
## TO THE JURY

**Members of the Jury:**

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished you will go to the jury room and begin your discussions--what we call your deliberations.

I.

It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crime charged in the indictment.  You must make your decision only on the

basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by public opinion or by either sympathy or prejudice for or against the defendant or the government.  Both the defendant and the government expect a fair trial at your hands and that you will carefully and impartially consider this case, without prejudice or sympathy.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against any defendant is not evidence of guilt.  Indeed, every defendant is presumed by the law to be innocent.  The law does not require a defendant to prove innocence or to produce any evidence at all; and if a defendant elects not to testify, you should not consider that in any way during your deliberations.  The government has the burden of proving a defendant guilty

beyond a reasonable doubt, and if it fails to do so you must find that defendant not guilty.

While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As stated earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that the opening

statements and closing statements are not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What is said during the opening statements and closing statements is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence, you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not necessarily be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not necessarily controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you consider which side called the witness, as well as the demeanor and manner in which the witness testified, and that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have

the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on

whether it has to do with an important fact or with only an unimportant detail.

You should not give extra credence to a person's testimony just because of his or her status as a law enforcement officer. You must consider him or her as any other witness. Under the laws of the United States, witnesses, including law enforcement officers, are the same. Feelings of support for law enforcement officers, right or wrong, have no place under our system of justice.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters. Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

II.

During the course of the trial, you heard evidence of acts of the defendant some of which may be similar to those charged in the indictment, but which were committed on other occasions.  You must not consider any of this evidence in deciding if the defendant committed the act charged in the indictment.  However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the <u>act</u> charged in the indictment, then you may consider evidence of other acts allegedly committed on other occasions to determine whether the defendant had the <u>intent</u> necessary to commit the crime charged in the indictment, or whether the defendant instead committed the act charged in the indictment by accident or mistake.

### III.

The defendant in this case is George Hoey Morris, also known as Johnny Ray Fortune.  Morris is charged with one count in the indictment.  I will now explain to you what the

count is, and what the law says with respect to the offense charged.

Count one of the indictment alleges:

> "That on or about August 1, 1997, in Elmore County, within the Middle District of Alabama, the defendant, GEORGE HOEY MORRIS, aka JOHNNY RAY FORTUNE, willfully and knowingly made a false statement in an application for a passport with intent to induce and secure for his own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that, in such application the defendant stated that passport # 085194336 had been destroyed, which statement he knew to be false, in violation of Title 18, United States Code, Section 1542."

Title 18, United States Code, Section 1542, makes it a federal crime or offense for anyone to willfully and knowingly make a false statement in an application for a passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of such passports or the rules prescribed pursuant to such laws.

9

    **The defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:**

> **First**: That the defendant knowingly and willfully made a false statement in a passport application;
>
> **Second**: That the defendant made the false statement with intent to induce or secure the issuance of a passport under the authority of the United States, for his use or the use of another; and
>
> **Third**: That the issuance of said passport would be contrary to the laws regulating the issuance of such passports or the rules prescribed pursuant to such laws.

### IV.

    **You will note that the indictment charges that the offense was committed "on or about" a certain date. The government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.**

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is, with bad purpose either to disobey or disregard the law.

V.

I caution you, members of the jury, that you are here to determine from the evidence in this case whether the defendant is guilty or not guilty. The defendant is on trial only for the specific offense alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a defendant is convicted, the matter of punishment is for

the judge alone to determine later.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges--judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson

will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then you will return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.