IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )
     v.                       )   CRIMINAL ACTION NO.
                              )      2:06cr218-MHT
GEORGE HOEY MORRIS            )         (WO)
a/k/a JOHNNY RAY FORTUNE      )
```

OPINION AND ORDER

This case is now before the court on defendant George Hoey Morris's oral motion for new counsel. The court held a hearing on this matter on June 14, 2007. Having considered Morris's arguments as well as the statements of counsel and the court's own observations over the course of this case, the court will deny Morris's motion and will not appoint new counsel.

The procedural background of this case is as follows. Morris was indicted on September 7, 2006, on one count of willfully and knowingly making a false statement on a passport application in violation 18 U.S.C. § 1542. He pleaded not guilty, stood trial, and was found guilty by

a jury on October 31, 2006. At trial Morris was represented by J. Carlton Taylor, who was appointed by the court to represent Morris pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. After trial, Morris retained the services of a private attorney, Susan G. James, to handle his sentencing, and Taylor withdrew. Shortly before sentencing, James filed a motion to withdraw pursuant to Rule 1.16 of the Alabama Rules of Professional Conduct. Based on the representations of counsel, some of which remain sealed, the court allowed James to withdraw. At that point the court reappointed Taylor to represent Morris at sentencing. Morris has objected to the reappointment of Taylor and wishes the court to appoint him a new lawyer.

It is well-settled that a criminal defendant has the right to his counsel of choice if he retains counsel, but not if he is indigent, does not wish to represent himself, and therefore must rely on a court-appointed attorney. 22 C.J.S. <u>Criminal Law</u> § 390. "Although an

indigent criminal defendant has a right to be represented by counsel, he does not have a right to be represented by a particular lawyer, or to demand a different appointed lawyer except for good cause.  Unless a Sixth Amendment violation is shown, whether to appoint a different lawyer for an indigent criminal defendant who expresses dissatisfaction with his court-appointed counsel is a matter committed to the sound discretion of the district court." United States v. Young, 482 F.2d 993, 995 (5th Cir. 1973) (citation omitted).[1]  "In order to warrant a substitution of counsel during trial, the defendant must show good cause, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict." Id. (quoting United States v. Calabro, 467 F.2d 973, 986 (2d Cir. 1972)); see also United States v. Durham, 172

---

1.  In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Fed. Appx. 261, 266 (11th Cir. 2006). "Good cause for substitution of counsel cannot be determined solely according to the subjective standard of what the defendant perceives. A defendant's general loss of confidence or trust in his counsel, standing alone, is not sufficient." Thomas v. Wainwright, 767 F.2d 738, 742 (11th Cir. 1985) (internal quotation marks and citation omitted).

In this case, Morris has not made any of the showings required by the Sixth Amendment or Young that would entitle him to new counsel. Morris stated that Attorney Taylor did not keep him fully informed of certain government investigations regarding his criminal conduct, and he also complained of difficulties in speaking with Taylor by telephone from the jail. Taylor noted that he also represents Morris on several other, pending matters in state court, and Morris told the court that he wishes Taylor to continue to represent him in those proceedings. Based on this information, the court discerns no conflict

of interest, complete breakdown in communication or irreconcilable conflict, or anything else that would constitute good cause for assigning Morris new counsel. The court adds that Taylor's performance at trial appeared to be more than adequate and there is absolutely nothing in the record to indicate that his performance during the sentencing phase of this case will not be adequate as well.

    Accordingly, it is ORDERED that defendant George Hoey Morris's oral motion for new counsel is denied.[2]

    DONE, this the 15th day of June, 2007.

                                    /s/ Myron H. Thompson
                                  UNITED STATES DISTRICT JUDGE

---

    2. Morris expressly stated that he did not wish to represent himself. Cf. United States v. Garey, 483 F.3d 1159, 1165 (11th Cir. 2007) ("In the absence of a clear and unequivocal request to proceed pro se, the proper course was for the district court to require [defendant] to proceed with his court-appointed counsel.").