In The District Court of the United States
Middle District of Alabama
Northern Division

United States of America )
v. ) 2:06cr218-MHT
George Hoey Morris )

## Motion To Dismiss Council

Comes now the undersigned George Hoey Morris apparing pro se and moves this Court to dismiss his concil J. Carlton Taylor. Morris does not want this Court to appoint him new council.

The proceedural background of this case begins with Morris' indictment for passport fraud subsequent to the siezure of a passport from his saft-t-box during an unsuccessful search for child pornography. Because the passport had expired ten years prior (1997), the government entered false evidence alledging that Morris had secreted the passport to avoid prosecution or that there existed a 1997 investigation which Morris had avoided. Morris doesn't know the facts because Taylor never showed him the affidavits or discovery. In fact, Taylor never challenged this prosecution allegation; an example of gross negligence and incompetance.

page 1

After many examples of incompetance, Morris hired Susan G James to represent him at sentencing. At this point Asst DA Susan Redmond crossed the line from unethical to illegal behavior. She threatened Ms James with legal problems or arrest because of James' association with Morris' book virginbride.net. Because of Ms Redmond's illegal intimidation of Morris' attorney, Ms James withdrew pursuant to rule 1.16 of the Alabama Rules of Proffessional Conduct prohibiting attorneys from participating in conduct for which they can be charged with a crime. It is likely that Ms Redmond wanted to make Morris' appeal more difficult. Ms James, perhaps the most talented appeal attorney in Alabama, had already discussed many irregularities in Morris' cases. In fact, she reccommended "incompetant assistance of council" as one avenue of appeal. Morris retained James for sentencing and appeal for $16000.00; $13000.00 of which has been paid. Ms Redmond intimidated Ms James; destroying many hours of preparation. Had it not been for prosecution's illegal threats against his attorney, Morris would not need to dismiss council; he would have the best council in the state.

    Morris has filed a complaint with the Alabama State Bar against Ms Redmond for this and several other violations of the code of ethics.

Page 2

The Court erroneously believes Morris wishes a new appointed lawyer. Despite being confined the direct result of perjury and unable to "shop" for representation; Morris is currently seeking council. He has placed an ad in *Montgomery Advertiser* and *Birmingham News* (see Exhibit A).

Morris has paid Taylor in full to represent him in several state cases; all of which are the direct result of efforts by the lead investigator in this federal case to cause additional crimes on the PSI. Although most have been dismissed upon closer examination, there still remains a "possession of marijuana" which involves cigar tobacco (no drug) and a "forgery" for Morris signing his own name. Morris has expressed a desire that Taylor remain on these cases. The DA wants to "nol process"; Morris does not.

During the last hearing, Taylor told Morris he had filed a complaint with the Alabama Attorney General regarding six arrests without warrant by the federal investigator; three of which involved falsified AAG warrants. Taylor said he mailed Morris a copy of the complaint. That copy, like so many other documents, never arrived. Most likely, he has not filed a complaint.

Perhaps the best example of this behavior is when Taylor claimed to have written

page 3

Two (2) demand letters for the return of the media virginbride.net. Despite at least forty (40) requests for a copy of the letters, Morris has received none.

During a bond hearing on 14 June 2007, the judge (while reading the PSI) cited "lying under oath" and "attempting to pursuade someone to lie under oath." This is the first that Morris has heard this; meaning Morris has not seen this PSI. The PSI also appeared almost twice as thick as the one Morris has seen. It appears that Morris is about to be sentenced using information he has never seen nor had a chance to challenge; a textbook example of injustice. The parole officer never mailed it and the attorney never discussed it.

Morris notes that he received his last PSI on the day his sentencing was cancelled. The maximum punishment changed from 15 years to a minimum of life. Had he been sentenced on that day, he would have returned to find the new PSI.

Morris moves this court to dismiss his council. Respectfully submitted on 16 June 2007 by [signature]

page 4

## Certificate of Service

The undersigned respectfully requests the Clerk of the United States District Court electronically provide a copy of the foregoing to:

Asst District Attorney Susan Redmond

Hon J. Carlton Taylor.

*[signature]*

Exibit "A"

**AGGRESSIVE ATTORNEY WANTED**

Very High Profile Case
Guaranteed National Exposure
~~[redacted]~~ Deleted
Call for Information
Litigation in Montgomery
Huge Damage Award Potential

Page 5