IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA      )
                              )
          v.                  )    CRIMINAL ACTION NO.
                              )      2:06cr218-MHT
GEORGE HOEY MORRIS            )         (WO)
a/k/a JOHNNY RAY FORTUNE      )


OPINION AND ORDER

Sentencing in this case is set for July 19, 2007. Now pending before the court are defendant George Hoey Morris's motions for a psychiatric evaluation to determine whether he is mentally competent to proceed to sentencing. For the reasons that follow, the court concludes that those motions are due to be granted.


I.

In 2006, defendant Morris was tried and found guilty on one count of making a false statement in a passport

application in violation of 15 U.S.C. § 1542.* Morris did not raise any mental-competency issues before or during trial, and the court did not observe anything awry about Morris or his courtroom demeanor at that time.

After trial, Morris fired his court-appointed attorney and retained private counsel. Soon thereafter, Morris, by and through his privately retained attorney, filed two motions for a psychiatric evaluation. At a hearing, defense counsel expressed her concern that Morris was not competent to proceed to the sentencing phase of his case. She noted that he was a veteran of the Vietnam War, had been diagnosed with post-traumatic stress disorder (PTSD), and was classified as 100 % disabled by the Veterans Administration. More

---

*In this district but before a different judge and jury, defendant Morris was tried and found guilty on six counts: transportation for criminal sexual activity; coercion and enticement of criminal sexual activity; transportation of a minor for criminal sexual activity; transportation of a minor for illicit sexual conduct; immigration fraud; and felon in possession of a firearm. United States v. Morris, Criminal Case No. 05cr108-LSC (M.D. Ala.) (Coogler, J.) On July 6, 2007, Judge Coogler sentenced Morris to term of imprisonment of 900 months.

importantly, she stated that Morris was irrationally obsessed with certain issues not pertinent to his case and that he seemed incapable of focusing on issues relevant to his sentencing. The court was skeptical that there was any reason to question Morris's mental competency, but promised to take the matter under consideration and reach a decision prior to sentencing.

Around this time Morris began to send correspondence to the court and to file pro-se motions, something he had not done before or during his trial. Some of the material the court received was irrelevant, paranoid, or inappropriate.

Morris's retained attorney was compelled to withdraw from this case, and the court reappointed his trial attorney to represent him at sentencing. At a recent hearing, re-appointed counsel told the court the same thing it heard from the attorney who withdrew: that Morris had significant trouble focusing on the relevant issues in his case and had become obsessed with

tangential issues not related to sentencing. Significantly, defense counsel stated that this marked a change in Morris's behavior since the trial.

Recently, the court has learned from Morris's presentence investigation report (PSR) that he is currently prescribed two psychotropic medications and that he has been hospitalized on several occasions for mental-health reasons. The court has also taken judicial notice of the fact that one of the medications prescribed to Morris is commonly used to treat schizophrenia and bipolar disorder.

## II.

Issues involving the mental competency of a defendant are governed by 18 U.S.C. § 4241. The threshold question is whether "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and

4

consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).  If the court finds reasonable cause, then it must order a hearing to determine the defendant's mental competency. Id; see also United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005) ("A district court must conduct a competency hearing when there is a 'bona fide doubt' regarding the defendant's competence." (quoting Pate v. Robinson, 383 U.S. 375, 385 (1966) (recognizing due-process right not to be tried while incompetent)).

Prior to the hearing, the court may order a psychiatric examination of the defendant.  18 U.S.C. § 4241(b).  The court may order the defendant committed for this purpose for up to 30 days, with a 15-day extension upon a showing of good cause by the examiner.   Id. § 4247(b).

III.

The court is understandably reluctant, at this late stage of the case, to have a defendant shipped off for a psychiatric evaluation to see whether he is competent to be sentenced.    However, "Whether the defendant is competent is an ongoing inquiry; the defendant must be competent at all stages of trial."  Rahim, 431 F.3d at 759  (discussing  competency  to  be  sentenced). Furthermore, and this is especially true when it comes to mental-health  issues,  one  occasionally  encounters  a series  of  facts,  no  one  of  which  is  significant  by itself, but when combined gives one reason to believe that something might be wrong.  That is what has happened in this case.

Initially, the court thought that the motions for a psychiatric  hearing  were  perhaps  little  more  than  the product  of  a  change  in  counsel  and  some  communication problems between attorney and client.  The court was also willing to view Morris's submissions to the court as--and

6

this is a generous characterization--eccentric. However, in light of the facts in the PSR, the court cannot overlook the assertions of two separate attorneys that Morris may be incompetent, especially the statement by the re-appointed attorney who represented Morris at trial that he has changed over the past several months. Thus, having reflected on the facts and events described above, the court is now seriously concerned that Morris may have a mental-health condition that is normally stable but has recently deteriorated. In other words, it is possible that between trial and sentencing, Morris has slipped from competency into incompetency.

The court is certainly in no position to decide now whether Morris is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(a). But the court does now have reasonable cause to believe that he

may be suffering such, and reasonable cause is the relevant standard.  <u>Id</u>.  The court therefore cannot sentence Morris until it is satisfied that he is mentally competent to proceed.

The court has two alternatives for having Morris evaluated prior to a hearing on his competency.  Pursuant to U.S.C. §§ 4241(b) and 4247(b), the court may have Morris committed to the custody of the Attorney General of the United States for placement in a suitable facility for the purpose of being observed and examined by one or more qualified psychiatrists or psychologists at the institution.  Or, the court may have the United States Marshal retain custody of Morris while a psychological evaluation is conducted locally.  The court opts for the latter option and will appoint a local qualified psychologist to conduct an examination and report back to the court.

\* \* \*

8

Accordingly, it is ORDERED as follows:

(1) Defendant George Hoey Morris's motions for a psychiatric evaluation (doc. nos. 47 & 61) are granted.

(2) Dr. Guy Renfro is appointed to perform a psychological evaluation of defendant Morris. The United States is to bear the cost of Dr. Renfro's time and expenses.

(3) Defendant Morris is to meet with Dr. Renfro for the purpose of having a psychological evaluation conducted. The United States Attorney is to arrange with the United States Marshal the times and dates for defendant Morris to meet with Dr. Renfro.

(4) Pursuant to U.S.C. §§ 4241(b) and 4247(c), and within 30 days of this order, Dr. Renfro is to conduct the necessary battery of tests to provide the court with the requisite information concerning defendant Morris's competency.

(5) Pursuant to U.S.C. §§ 4241(b) and 4247(c), and within 10 days of completing examination, Dr. Renfro

shall prepare a psychological report and shall file said report with this court and shall provide copies to the United States Attorney and counsel for defendant Morris. The report shall include defendant Morris's history and present symptoms; a description of the psychiatric, psychological, and medical tests that were employed and their results; Dr. Renfro's findings; and Dr. Renfro's opinions as to defendant Morris's diagnosis, prognosis, and whether defendant Morris is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(6) The issue of defendant Morris's competency is set for hearing on August 31, 2007, at 10:00 a.m. in Courtroom 2FMJ of the Frank M. Johnson, Jr. Federal Courthouse Complex, One Church Street, Montgomery, Alabama 36104.

10

(7) The sentencing hearing in this case, currently set for July 19, 2007, is reset for August 31, 2007, at 10:00 a.m. in Courtroom 2FMJ of the Frank M. Johnson, Jr. Federal Courthouse Complex, One Church Street, Montgomery, Alabama 36104.

DONE, this the 17th day of July, 2007.

      /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE