IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:06cr218-MHT |
| GEORGE HOEY MORRIS | ) | |
| a/k/a JOHNNY RAY FORTUNE | ) | |

ORDER

The government having orally informed the court that there is no objection, it is ORDERED that defendant George Hoey Morris's motion for leave to file amended objections to the presentence investigation report (doc. no. 94) is granted to the following extent:

(1) By August 2, 2007, defense counsel shall communicate in writing <u>to the probation officer</u> any additional objections to the presentence investigation report (PSR).

(2) On August 10, 2007, at 9:00 a.m., or at another date and time to be set by the probation officer, counsel for both parties shall be available for a conference with

the probation officer to discuss and attempt to resolve such objections.

(3) By August 17, 2007, the probation officer shall thereafter report the outcome of the conference and any changes to the PSR or his recommendations in a final addendum to the PSR.

* * *

The court wishes <u>sua sponte</u> to raise some additional concerns regarding the PSR. Those concerns are as follows:

- <u>PSR line 19</u>: "[F]or purposes of this guideline, 'serious bodily injury' means conduct other than criminal sexual abuse, which already is taken into account in the base offense level under subsection (a)." U.S.S.G. § 2A3.1(b)(4)(B), application note 1.

- <u>PSR line 20</u>: "Subsection (b)(6)(A) is intended to apply only to misrepresentations made directly to a minor or to a person who exercises custody, care, or supervisory control of the minor [and] ... so long as the misrepresentation was made with the intent to (A) persuade, entice, or coerce a minor to engage in prohibited sexual conduct; or (B) facilitate transportation or travel, by a minor or participant, to engage in prohibited sexual

conduct." U.S.S.G. § 2A3.1, application note 4(A).

- **PSR line 22**: "Subsection (b) applies to offenses involving an <u>unusually</u> vulnerable victim.... Do not apply subsection (b) if the factor that makes the person a vulnerable victim is incorporated in the offense guideline. For example, if the offense guideline provides an enhancement for the age of the victim, this subsection would not be applied unless the victim was <u>unusually</u> vulnerable for reasons unrelated to age."  U.S.S.G. § 3A1.1, application note 2 (emphases added).

- **PSR line 31**: "Sentences for the following prior offenses and <u>offenses similar to them</u>, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense: ... Hindering or failure to obey a police officer...."  U.S.S.G. § 4A1.2(c)(1) (emphasis added).

- **PSR line 62**: 18 U.S.C. § 1542 provides for imprisonment for "not more than ... 10 years (in the case of the first or second such offense)...."

The court draws no conclusions regarding these concerns but does wish the parties and the probation officer to consider them before the court receives the final addendum to the PSR in preparation for sentencing.

3

Accordingly, it is further ORDERED as follows:

(1) By August 2, 2007, the parties shall communicate in writing <u>to the probation officer</u> their responses to the foregoing concerns.

(2) Counsel for both parties shall discuss and attempt to resolve these concerns at the August 10 conference.

(3) The probation officer shall thereafter report the outcome of the conference and any changes to the PSR or his recommendations in the August 17 addendum to the PSR.

DONE, this the 19th day of July, 2007.

                      <u>   /s/ Myron H. Thompson   </u>
                      UNITED STATES DISTRICT JUDGE