# In The United States District Court
# Middle District Of Alabama
# Northern Division

United States of America )
                         )
v                        )   2:06 cr 218-MHT
George Hoey Morris       )

## Objections To The Presentence Investigation Report (PSI)

Comes now the undersigned George Hoey Morris making the following specific objections to the PSI in the above referenced case. Objections follow.

Paragraph (1): The charge includes the words "and use of passport" leaving the impression that the passport was used in a fraudulent manner. At no time was the expired or the new passport used fraudulently. The temporary belief the passport was destroyed is not material to the issuance of a passport.

Para (2): While this is true, the facts surrounding the revoke of pretrial supervision reveals perjury. Morris contends that his supervision was revoked the direct result of false and misleading statements too numerous to identify at this time. Government investigator Thomas Conam Jr. provided sworn testimony that he would now admit is false.

page 1

Mr Coram alleged forgery, child pornography production, outstanding Alabama Attorney General (AAG) warrants, possession of marijuana, voter fraud, misuse of a social security number, soliciting illegal photography from children, providing a false name to a police officer, intent to flight, making a terrorist threat and manufacture of an illegal explosive device. Not one of Mr Coram's claims was true, a fact destined to be revealed at some point in the future.

Para (3): Morris was convicted after a false claim was put before the jury that Morris secreted the passport to conceal from an investigation. Three days prior to the trial, Morris was on the front page of the Montgomery Advertiser and was top story on WSFA 12 and WAKA-8 identifying him as a "sex tourist." Prosecution created the impression Morris was deported from Vietnam the result of illegal sexual activity when in fact he was deported for illegal scientific research.

Para (5): Morris believed the passport had been destroyed ten years before the charge was brought. He found it and placed it into the box. The fact that Morris believed the passport had been lost is immaterial to the issuance of a passport. There was no fraudulent use of either passport; the expired or the new.

Para (4) Morris was deported from Vietnam for unauthorized research, not for possession of photos of "young nude females"; the latter statement is fabricated.

Para (5): Morris' statement was not material to the issuance of a passport and he believed said statement to be true. Neither the expired nor new passport was fraudulently used.

Para (6): The term "virginbride" is not a code name for a female 12-18 years old. It is a bride who is also a virgin. He married 15 year old Pham Thao with consent of both parents and police. The money paid was not related to the marriage. Such a marriage was legal in Alabama at the time. Pham Thao (bride) asked for and received a divorce by Morris.

Para (7): The application enclosed a letter stating that Morris wanted the application pre-approved for the applicants sixteenth birthday. The letter was read at the trial.

Para (8): The errors were made over a period of many years and they were errors on non-material facts not material to the issuance of a visa. No visa was ever used. The application for Thanh Tuyen contained a letter requesting early authorization for her sixteenth birthday. Morris has never fraudulently used a visa, or had one issued.

PARA (9): An error on a non-material fact.

PARA (12): Pham Thao never said she was "molested"; she said she had sexual relations with her husband on their honeymoon. She was convicted of heroin use almost four years after the divorce. Former wife Pham Thao has no relevance to this case. Morris did not abandon her. She asked for a divorce.

PARA (13): Morris has one valid passport. It was seized during the initial child pornography search. Morris did not "secret" the expired passport in his SAF-T-Box; he "put" them there prior to the search. Had the souveneers been outside the boxes, they would have been siezed. The passports were expired and had never been fraudulently used. They were placed in the box to protect the souveneers, not to thwart an investigation. Morris was only asked about the valid passport. He replied "Homeland Security has it."

PARA (16): Morris did not use the passport in the commission of a felony offense. He used it to for international travel.

PARA (17): There is no victim in this case other than the communist government of Vietnam.

PARA (18): There is no victim in this case. Morris used the passport for prohibited research in Vietnam.

Page 4   PARA (19): Same objection as PARA (17).

Para (20): The marriage to Pham Tuno is irrelevant to this case.

Para (22): Same as Para (20).

Para (23): This paragraph is very misleading. Photos in virginbride.net do not feature girls with whom he has had sexual activity. Morris does not choose victims or carry them to foreign countries.

Para (24): Morris did not lie to investigators. He placed the expired passports into the safty box long before the investigation.

Para (31): This was a traffic ticket that was paid. There was no court nor attorney. Morris pulled into a convenience store after police blue lighted; they returned to the store after they initially passed him by.

Para (33): Morris did not attempt to use a false name on a driver's licence. He paid three tickets for speeding with a valid licence. The case was settled "adjudication withheld" with no conviction while Morris was incarcerated on federal charges. (See exhibit A)

Para (39): This was not Nol Processed; it was dismissed.

Para (40): This forgery charge was the result of a false claim by Thomas Condon that there existed an AAG warrant for Morris' arrest.

Morris did not commit forgery with intent to defraud. He signed his name on a driver's licence renewal. Morris was arrested three times on AAG forgery charge; all three with false AAG warrants that have since disappeared or have been replaced.

Para (45): Morris has been married four times.

Para (53): Morris' father said he was a former user of marijuana.

Para (58): Morris has no assets.

Para (74): Mitigating circumstances include an extensive war record documenting seven awards that include the "Vietnamese Cross of Gallantry" and the "Soldier's Medal" for heroism. Morris served in many small skirmishes and three major battles. Morris suffers from PTSD; a war related disorder.

Morris objects to all enhancements on the basis of the facts revealed in the foregoing instrument. Respectfully submitted on 05 July 2007 by...

*[signature]*

page 6.

Certificate of Service

The undersigned requests that the Clerk of the US District Court electronically notify the following individuals of this instrument.

Hon J Carlton Taylor

Hon Susan Redmond

*[signature: George Houghton]*

Page 9

EXHIBIT A

**JOHN JAY GONTAREK, P.A.**
ATTORNEY AND COUNSELLOR AT LAW
181 EGLIN PARKWAY N.E.
FT. WALTON BEACH, FLORIDA 32548
(850) 243-2021 • FAX (850) 243-2424

March 7, 2007

Susan James, attorney
P.O. Box 198
Montgomery, AL 36101-0198

RE: George Huey Morris

Dear Ms. James,

Please find enclosed a copy of a letter that I received from George Morris that requests that I provide a copy of his misdemeanor charge in Florida. Enclosed is copy of the order from Circuit Judge G. Robert Barron which withholds adjudication of guilt for the offense of attempting to use a false name on a driver's license. Under Florida law, withhold adjudication means that Mr. Morris/Johnny Ray Fortune does not have a criminal conviction for these offenses. As these are misdemeanors, Judge Barron accepted his written plea while Mr. Morris/Fortune was in federal custody and sentenced him to credit for time served while he was in Alabama.

Therefore, Mr. Morris was facing three (3) felonies in Florida. I was able to get the charges reduced to three (3) misdemeanors with adjudication withheld, no fines or court costs and credit for time already served in Alabama. It is my recollection that Mr. Morris was using his former license with the incorrect legal name. Mr. Morris was extremely pleased with the outcome and did not hesitate to accept the deal and entered a no contest plea.

I have already repeatedly provided this information to Mr. Morris and his former attorney. Any future requests for copies can be attained from the Okaloosa County Court in Shalimar, Florida.

Sincerely,

John Jay Gontarek
JJG/jp
encl.

PAGE 7

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

STATE OF FLORIDA
    Plaintiff,

vs                                               Case No. 05 CF000564-001

JOHNNY RAY FORTUNE
    Defendant,

### ORDER

THIS CAUSE coming on to be heard on Defendant's plea of Nolo Contendere, and the Court being fully advised in the premises, it is hereby

ORDERED AND ADJUDGED:

1. That the Court withholds adjudication of guilt for the offense of attempting to use false name on driver's license (3 counts) in violation of F.S. 777.040(4)(e) (1st degree misdemeanor)

2. Defendant is ordered to pay the sum of ___N/A___ court costs.

3. IT IS FURTHER ORDERED that the defendant is sentenced to 60 days in the county jail with credit for each day served in the Montgomery Alabama city jail pending Federal charges. Each count is to run concurrent.

DONE AND ORDERED in Okaloosa County, Florida this 20th day of June, 2006.

NUNC PRO TUNC (September 02, 2005)

                                                   CIRCUIT JUDGE
                                                   G. ROBERT BARRON

Conformed copies to:
State Attorney's Office
John Jay Gontarek, 181 Eglin Pkwy NE, Ft. Walton Beach, FL 32548

PAGE 8