IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 2:06-CR-218-MHT |
| | ) | |
| GEORGE HOEY MORRIS | ) | |
| | ) | |

RESPONSE TO COURT ORDER

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully responds to this Court's Order of January 16, 2008, instructing the government to file a statement as to how the Court should proceed in this case, in light of the evaluation tendered by Dr. Guy Renfro. (Doc. 116)

Title 18, United States Code, Section 4244 is the code section which best seems to govern the process and procedure of this particular matter. Section 4244(a) (Hospitalization of a convicted person suffering from a mental disease or defect) states, in pertinent part:

> ...at any time prior to the sentencing of the defendant [the court] shall order such a hearing on its own motion, if it is of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility.

Section 4244(b) allows the court to order a psychiatric or psychological evaluation of the defendant and the compilation of a report of the findings of the examiner.

Section 4244(c) states that the hearing of the defendant's competency shall be conducted pursuant to the provision of section 4247(d), which states, in pertinent part, that:

> ...at a hearing ordered pursuant to this chapter the person who is the person whose mental condition is the subject of the hearing shall be represented by counsel and, if

he is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to 3006A. The person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.

Section 4244(d) states that if after the hearing the court finds that the defendant is presently suffering from a mental disease or defect and that he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care or treatment, the court shall hospitalize the defendant for care or treatment in a suitable facility. Such a commitment constitutes a provisional sentence of imprisonment to the maximum term authorized by law for the offense for which the defendant was found guilty.

Section 4244(e) states that when the director of the facility in which the defendant is hospitalized determines that the defendant has recovered from his mental disease or defect to such an extent that he is no longer in need of custody for care or treatment in such a facility, he shall promptly file a certificate to that effect with the clerk of the court that ordered that commitment. If the provisional sentence has not expired at the time of the filing of the certificate, the court shall proceed finally to sentencing and may modify the provisional sentence.

The government does not contest the psychological evaluation of Dr. Guy Renfro in this case, nor does it contest the recommendation by Dr. Renfro that the defendant receive inpatient treatment in a facility where his medication could be adjusted and his behavior monitored to enable him to participate in a rational and understanding way in a sentencing hearing.(Doc.114 at p.6)

Therefore, the government would suggest that the Court set a hearing date and afford the defendant an opportunity to testify, to present evidence, to subpoena witnesses on his behalf and to confront and cross-examine witnesses who appear at the hearing.

Once the hearing is concluded, the Court should make a determination as to whether the defendant is presently suffering from a mental disease or defect and whether he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for treatment.

If the Court makes the determination that the defendant is presently suffering from a disease and should be committed to a suitable facility for treatment, the Court should next determine the maximum term of imprisonment authorized by law.

The government contends, in this case, that the maximum term of imprisonment is 15 years because the defendant committed the offense of conviction to facilitate another offense.

Once the Court has determined the maximum term of imprisonment, the Court should order the defendant committed to a Bureau of Prisons medical facility for treatment for a period not to exceed 15 years.

Respectfully submitted this the 18th day of January, 2008.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334.223.7280
334.223.7138 fax
susan.redmond@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Cr. No. 2:06-CR-218-MHT |
| ) | |
| GEORGE HOEY MORRIS ) | |

CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daniel Hamm, Esq.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334.223.7280
334.223.7138 fax
susan.redmond@usdoj.gov