IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | |
| v.                         ) | CRIMINAL ACTION NO. |
| ) | 2:06cr218-MHT |
| GEORGE HOEY MORRIS          ) | (WO) |
| a/k/a JOHNNY RAY FORTUNE   ) | |

OPINION AND ORDER

Defendant George Hoey Morris was tried and found guilty on one count of making a false statement in a passport application in violation of 18 U.S.C. § 1542. This criminal case is before the court again, this time on whether Morris is now mentally competent to be sentenced. Based on the evidence submitted, including that presented at a hearing on February 21, 2008, the court reaches two conclusions: (1) that Morris is not mentally competent to undergo sentencing at this time and (2) that he should be committed to the custody of the Attorney General of the United States to determine

whether there is a substantial probability that he will become competent in the foreseeable future.

## I.   BACKGROUND

Morris did not raise any mental-competency issues before or during his trial in the fall of 2006, and the court did not observe anything that called into question his mental competency.[1]

After trial, Morris fired his court-appointed attorney and retained private counsel.  Soon thereafter, by and through his privately retained attorney, Morris filed two motions for a psychiatric evaluation, one on February 26 and another on May 18, 2007.  At a hearing, defense counsel expressed her concern that Morris was not

---

1. In another case before a different judge and jury, Morris was tried and found guilty on six counts: transportation for criminal sexual activity; coercion and enticement of criminal sexual activity; transportation of a minor for criminal sexual activity; transportation of a minor for illicit sexual conduct; immigration fraud; and felon in possession of a firearm.  United States v. Morris, Criminal Case No. 05cr108-LSC (M.D. Ala.) (Coogler, J.).  On July 3, 2007, Morris was sentenced to 900 months in prison.  This case is now on appeal.

competent to proceed to the sentencing phase of his case. She noted that he was a veteran of the Vietnam War, had been diagnosed with post-traumatic stress disorder, and was classified as 100% disabled by the Veterans Administration. More importantly, she stated that Morris was irrationally obsessed with certain issues not pertinent to his case and that he seemed incapable of focusing on issues relevant to his sentencing. The court was skeptical that there was any reason to question Morris's mental competency, but promised to take the matter under consideration and reach a decision prior to sentencing.

Around this time, Morris began to send correspondence to the court and to file pro-se motions, something he had not done before or during his trial. Some of the material the court received was irrational, paranoid, and otherwise inappropriate.

Morris's retained attorney was compelled to withdraw because of a conflict that developed between her and

Morris, and the court reappointed his trial attorney to represent him at sentencing.  At a subsequent hearing, the re-appointed counsel told the court the same thing it heard from the retained attorney: that Morris had significant trouble focusing on the relevant issues in his case and had become obsessed with tangential issues not related to sentencing.  Significantly, counsel stated that this marked a change in Morris's behavior since the trial.

Prior to the scheduled sentencing, the court learned from Morris's presentence-investigation report that he was being prescribed two psychotropic medicines and that he had been hospitalized on several occasions for mental-health reasons.  The court also took judicial notice of the fact that one of the medicines prescribed to Morris is commonly used to treat schizophrenia and bipolar disorder.

On July 17, 2007, the court granted Morris's motions for a psychiatric evaluation and appointed Dr. Guy J.

Renfro to perform the evaluation. In a report filed on January 14, 2008, Dr. Renfro determined that Morris suffers from Bipolar II disorder, chronic post-traumatic stress disorder, and narcissistic personality disorder. He concluded that Morris suffered from "delusions of prosecution" that "appear to be the result Bipolar II Disorder, severe with psychotic features," Psychological Evaluation (Doc. No. 114), at 6; that his delusions "would render him unable to participate [in a sentencing hearing] in a reasonable and understanding manner in his own behalf," id.; that Morris should receive treatment in order to restore him to mental competency; and that this treatment should take place in a facility where Morris's medicines could be adjusted and his behavior monitored. Dr. Renfro explained that, with appropriate treatment, Morris could participate in a sentencing hearing in a rational and understanding manner. The government did not contest the evaluation or the recommendations made by Dr. Renfro.

## II.  DISCUSSION

### A.  18 U.S.C. § 4241

18 U.S.C. § 4241, entitled "Determination of mental competency to stand trial to undergo postrelease proceedings," is the relevant statute governing the process for determining and establishing the competency of Morris to be sentenced.

The first legal issue presented by Dr. Renfro's report under § 4241(a) is whether Morris is mentally competent to undergo sentencing, that is, whether he is currently "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a).[2]

---

  2.  Section 4241(a) states in relevant part:

> "(a) Motion to determine competency of defendant.  At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, ... the defendant or the
>
> (continued...)

Counsel for both Morris and the government agreed to have the court resolve the issue of Morris's mental competency on the basis of Dr. Renfro's psychiatric report. The court has reviewed the report and, based on the report, finds that Morris is currently suffering from a mental disease or defect such that he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense at sentencing.

Section 4241(d) has two provisions that come into play once a court has found under § 4241(a) that a

---

2. (...continued)
   attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion ... if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

18 U.S.C. § 4241(a).

7

defendant is currently incompetent to undergo sentencing.[3]

---

3. Section 4241(d) states:

"(d) Determination and disposition. If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility --

(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

(2) for an additional reasonable period of time until --

(A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

(continued...)

The first provision, § 4241(d)(1), requires the court to order the Attorney General of the United States to hospitalize an incompetent defendant for a period of time, not to exceed four months, in order for medical and psychiatric personnel to determine whether there is a substantial probability that "in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1). The second provision, § 4241(d)(2), permits the Attorney General to hospitalize a defendant for an additional reasonable period of time upon a finding by the court that there is a substantial probability that the defendant will become

---

> 3. (...continued)
> (B) the pending charges against him are disposed according to law;
>
> whichever is earlier.
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248."

18 U.S.C. § 4241(d).

competent within that time. If, after either the initial commitment under § 4241(d)(1) or the additional commitment under § 4241(d)(2), the court finds that there is little or no chance that the defendant will become competent, the defendant then becomes subject to the provisions of 18 U.S.C. § 4246, which contemplates that the Attorney General will seek to commit civilly an incompetent defendant if he is found to be dangerous.

Based on the court's finding that Morris is currently mentally incompetent to undergo sentencing, the court will therefore order, pursuant to § 4241(d)(1), that the Attorney General of the United States hospitalize him for a period of time, not to exceed four months, in order for medical and psychiatric personnel to determine whether there is a substantial probability that he will become competent in the foreseeable future.

## B.  18 U.S.C. § 4244

In response to the question of how the court should proceed should the court determine that Morris is mentally incompetent, the government argued in its brief that 18 U.S.C. § 4244 governs.  The court disagrees. 18 U.S.C. § 4241 and 18 U.S.C. § 4244 have two different roles.  Section 4241 governs how the court should treat a convicted defendant found to be <u>mentally incompetent</u> to be sentenced; whereas, § 4244, entitled "Hospitalization of a convicted person suffering from mental disease or defect," governs how a court should sentence a convicted defendant who, while <u>mentally competent</u> to be sentenced, still suffers from a mental disease or defect and is in need of care or treatment in a facility.[4]  <u>See</u> <u>United</u>

---

4.  Section 4244 states in relevant part:

> "(a) Motion to determine present mental condition of convicted defendant.  A defendant found guilty of an offense, or the attorney for the Government, may, ... file a motion for a hearing on the present mental condition of the defendant if the motion is supported by
> (continued...)

States v. Roberts<u></u>, 915 F.2d 889, 891-92 (4th Cir. 1990)

---

    4.   (...continued)
substantial information indicating that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility. The court shall grant the motion ... if it is of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility.

. . .

"(d) Determination and disposition. If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect and that he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care or treatment, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for care or treatment in a suitable facility. Such a commitment constitutes a provisional sentence of imprisonment to the maximum term authorized by law for the offense for which the defendant was found guilty."

18 U.S.C. § 4244.

("Section 4241 applies to defendants found to be <u>mentally incompetent</u> to stand trial. Section 4244 applies to competent persons found to be suffering from a mental disease prior to sentencing. ... Clearly those statutes apply to different types of mentally ill patients who cannot be lumped together into a group consisting of people with mental problems facing federal prosecution.") (emphasis in original). According to § 4244, if a court finds that a convicted defendant suffers from a mental disease or defect and, as an alternative to a sentence of imprisonment, should be committed to a facility for care or treatment, that court is required to impose a "provisional sentence" and "commit the defendant to the custody of the Attorney General" who shall "hospitalize the defendant for care or treatment in a suitable facility" up to "the maximum term authorized by law for the offense for which the defendant was found guilty." 18 U.S.C. § 4244(d).

13

Because Morris has been found incompetent to stand for sentencing, § 4244 does not apply to him.

\*\*\*

Accordingly, it is ORDERED, pursuant to 18 U.S.C. § 4241, as follows:

(1) Defendant George Hoey Morris is declared mentally incompetent to undergo sentencing pending in this case.

(2) Defendant Morris is committed to the custody of the Attorney General of the United States.

(3) The Attorney General shall take physical custody of defendant Morris as soon as possible.

(4) The Attorney General, shall, pursuant to 18 U.S.C. § 4241(d)(1), hospitalize defendant Morris for treatment at a federal medical center or another suitable facility for such reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future defendant Morris will attain the capacity to permit his sentencing hearing to proceed.

(5) The medical personnel supervising defendant Morris's treatment shall produce a brief status report every 30 days summarizing defendant Morris's condition, progress, and course of treatment.

(6) Said status report, as well as any additional or final reports on defendant Morris's medical or psychological condition, shall be disclosed to defense counsel, the United States Attorney, and the United States Probation Office, and filed with this court under seal.

DONE, this the 2nd day of May, 2008.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE