IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )
    v.                      )   CRIMINAL ACTION NO.
                            )      2:06cr218-MHT
GEORGE HOEY MORRIS          )          (WO)
a/k/a Johnny Ray Fortune    )
```

OPINION AND ORDER

This cause is before the court on the question whether defendant George Hoey Morris has attained the mental capacity to permit sentencing to proceed and, if not, whether there is a substantial probability that he will, in the foreseeable future, attain such capacity. For the reasons given below, the court finds that Morris has not attained the mental capacity to permit sentencing but that there this is a substantial probability that he will attain such capacity in the foreseeable future.

I.

Morris was tried and found guilty on one count of making a false statement in a passport application in violation of 18 U.S.C. § 1542.  However, by order entered on May 2, 2008, the court declared Morris mentally incompetent to be sentenced and, pursuant to 18 U.S.C. § 4241(d)(1), ordered that the Attorney General of the United States hospitalize him for treatment for a reasonable period of time, not to exceed four months, to determine whether there was a substantial probability that he would attain sufficient mental capacity in the foreseeable future.  <u>United States v. Morris</u>, 550 F. Supp. 2d 1290 (M.D. Ala. 2008)(Thompson, J.).

The medical personnel at the Federal Medical Center in Butner, North Carolina, completed their psychiatric examination and filed their final report on October 10, 2008. On October 17, the court held a hearing, pursuant to 18 U.S.C. §§ 4241(a) & 4247(d), to determine whether Morris has already attained the mental capacity to permit

sentencing and, if not, whether there is a substantial probability that he will attain such capacity in the foreseeable future. At the hearing, both parties agreed that the court should make its determination on the basis of the report submitted by the Federal Medical Center. The report states that Morris suffers from Adjustment Disorder with Mixed Anxiety and Depressed Mood; displays symptoms of Antisocial Personality Disorder; and is suicidal. However, the report also revealed the medical personnel's optimism that Morris would respond positively to further treatment. The report concludes:

> "Mr. Morris is suffering from a mental disease or defect rendering him mentally incompetent ... to understand the nature and consequences of the proceedings ... or assist properly in his own defense. However, we believe that with an additional period of hospitalization and treatment, Mr. Morris's competency may be restored."

II.

Based on the report from the Federal Medical Center, the court now finds that Morris has not yet attained the

mental capacity to permit the trial to proceed but that there is a substantial likelihood that he will, in the foreseeable future, attain such capacity.

As the court has already ordered Morris to an initial hospitalization pursuant to § 4241(d)(1), the court now orders Morris committed to the custody of the Attorney General, pursuant to § 4241(d)(2), for "an additional reasonable period of time until ... his mental condition is so improved that trial may proceed."  This additional period of time is not to exceed four months.

Accordingly, pursuant to 18 U.S.C. § 4241, it is DECLARED and ORDERED as follows:

(1) Defendant George Hoey Morris has not attained the mental capacity to permit sentencing to proceed in his case.

(2) There is a substantial probability that defendant Morris will, in the foreseeable future, attain such capacity.

(3) Pursuant to 18 U.S.C. § 4241(d)(2), defendant Morris is committed to the custody of the Attorney General to be hospitalized for treatment at the Federal Medical Center in Butler, North Carolina, or another suitable facility, for an additional reasonable period of time, not to exceed four months, until his mental condition is so improved that sentencing may proceed.

(4) The medical personnel supervising defendant Morris's treatment shall produce a brief status report every 30 days summarizing defendant Morris's condition, progress, and course of treatment.

(5) Said status reports, as well as any additional or final reports on defendant Morris's medical or psychological condition, shall be disclosed to defense counsel, the United States Attorney, and the United States Probation Office, and filed with this court under seal.

DONE, this the 21st day of October, 2008.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE