IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL ACTION NO. |
| ) | 2:06cr218-MHT |
| GEORGE HOEY MORRIS ) | (WO) |
| a/k/a JOHNNY RAY FORTUNE ) | |

ORDER AND OPINION

Defendant George Hoey Morris was tried and found guilty on one count of making a false statement in a passport application in violation of 18 U.S.C. § 1542. At the beginning of sentencing on April 16, 2009, the court was confronted with a scenario in which Morris refused, without justification, to accept his court-appointed attorney and refused to represent himself either. This order memorializes, with explanation, the rulings of the court in response to Morris's actions.

I.

For trial, the court appointed Attorney Jon Carlton Taylor to represent Morris. After trial, Morris hired

Attorney Susan James to replace Taylor and represent him at sentencing. James, however, withdrew as Morris's attorney before sentencing could be conducted, and the court reappointed Taylor. Taylor then moved to withdraw as Morris's attorney, citing the fact that Morris had filed a bar complaint and a federal lawsuit against him. The court granted this motion and appointed Attorney Richard Keith in his place. Keith, however, also moved to withdraw, citing a conflict of interest with Morris. The court then appointed Attorney Daniel Hamm to represent Morris.

Morris subsequently filed a pro se motion to dismiss Hamm, arguing that to allow Hamm to act as his counsel would undermine his claims in the lawsuits he filed against Attorney James and Attorney Susan Redmond, the Assistant United States Attorney in this case. At sentencing, the court took up Morris's dismissal motion. Morris continued to refuse to be represented by Hamm, insisting that James was his attorney. The court

informed Morris that James had withdrawn as his attorney and was not present in the court to represent him. The court gave Morris several opportunities to provide reasons why Hamm's representation was itself inadequate, but Morris simply continued to insist that James was his attorney. The court therefore denied Morris's motion to dismiss Hamm.

Despite the court's ruling, Morris continued to refuse to cooperate with Hamm in any way. He also refused to represent himself. The court was therefore confronted with a scenario in which a defendant was refusing, without justification, to accept his court-appointed attorney and was refusing to represent himself either. The court attempted to engage Morris in a colloquy concerning his right to representation and the dangers of self-representation. The court explained to Morris in detail the penalties he faced, and the court provided him with a general sense of the challenges he was likely to confront as a pro se litigant. Morris,

3

however, refused to answer the court's questions as to whether he understood the dangers of proceeding pro se. The court then informed Morris that he had two options: either he accept Hamm's representation or he represent himself. Morris refused these options, insisting that he did not wish to represent himself but that he also did not wish to be represented by Hamm.

The court then found that Morris had knowingly and voluntarily waived his right to counsel and must represent himself because he had, without justification, rejected his court-appointed counsel and because he understood that his only alternative was self-representation with its many attendant dangers. The court discharged Hamm as Morris's attorney but appointed him as standby counsel to assist Morris if Morris should have any questions.

II.

The Eleventh Circuit Court of Appeals has explained that:

> "We continue to stress that when a right as fundamental as the right to counsel is at stake, it is important for trial courts to do all in their power to ensure every defendant, from the most cooperative to the most obstreperous, is informed of the risks of proceeding pro se and is prevented from waiving counsel without sufficient knowledge of the protections he is surrendering. Before a court concludes a defendant has knowingly waived his right to counsel, the defendant 'should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.' Faretta [v. California], 422 U.S. [806,] 835, 95 S.Ct. [2525,] 2541 [(1975)] (quotations omitted). To that end, the best practice is for district courts to begin by attempting to engage the defendant in a full discussion of the dangers of self-representation whenever a defendant expresses a desire to waive his right to counsel, whether affirmatively or by his conduct.
>
> "Nevertheless, an unwilling defendant can foil a district court's best efforts to engage in dialogue, thereby preventing the court from eliciting

>clear information regarding the defendant's understanding of the dangers of proceeding pro se. A dialogue cannot be forced; therefore, when confronted with a defendant who has voluntarily waived counsel by his conduct and who refuses to provide clear answers to questions regarding his Sixth Amendment rights, it is enough for the court to inform the defendant unambiguously of the penalties he faces if convicted and to provide him with a general sense of the challenges he is likely to confront as a pro se litigant. So long as the trial court is assured the defendant (1) understands the choices before him, (2) knows the potential dangers of proceeding pro se, and (3) has rejected the lawyer to whom he is constitutionally entitled, the court may, in the exercise of its discretion, discharge counsel or (preferably, as occurred here) provide for counsel to remain in a standby capacity.

United States v. Garey, 540 F.3d 1253, 1267 (11th Cir. 2008) (en banc).

Here, because the requirements of Garey were fully met, this court's actions at Morris's sentencing were proper. The court informed Morris of the dangers and disadvantages of self-representation, of the choices he now had, and of the consequences of his actions. Because

Morris continued to refuse to accept Hamm as his attorney and because he refused to represent himself either, the court found that Morris had knowingly and voluntarily waived his right to counsel; discharged Hamm as Morris's attorney; and appointed Hamm as standby counsel to assist Morris if Morris should have any questions.

\*\*\*

Accordingly, pursuant to the rulings in open court on April 16, 2009, and for the reasons given above, it is ORDERED and DECLARED that:

(1) Defendant George Hoey Morris has knowingly and voluntarily waived his Sixth Amendment right to counsel and is permitted to proceed pro se.

(2) Attorney Daniel Hamm is discharged as defendant Morris's counsel but shall remain as standby counsel.

(3) Attorney Hamm is appointed as standby counsel for proceedings in this court only.  He is not appointed as standby counsel for any appellant proceedings.

DONE, this the 23rd day of April, 2009.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE